# COMMONWEALTH v. PHILA. ETC. C. & I. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY.

Motion for re-argument—Decided March 14, 1892.

1. The fact that, on an account settled against a corporation for taxes on corporate indebtedness, under § 4, act of June 30, 1885, P. L. 194, the accounting officers did not claim the ten per cent penalty, for failure to "assess and pay said tax and make report," and thus the question of the liability therefor was not raised in the court below, will not prevent the inclusion of the penalty in the judgment of the Supreme Court on appeal.

2. No neglect of the officers upon whom the primary duty of imposing the penalty is cast by the statute, can prevent the Supreme Court from passing the judgment required by the law, when the facts are before it; and such action of that court will not be an assumption of original jurisdiction, violating § 3, art. V., §§ 9, 11, art. I. of the state constitution,

or of articles V. and XIV. of the amendments to the constitution of the United States.

3. Where, however, the treasurer of the corporation liable had assessed the tax and made the report as required by said section, but at the time thereof had not in fact paid the interest from which the taxes were to be deducted, there was not such a default on the part of the corporation as would authorize the imposition of the penalty: the judgment in Commonwealth v. Coal & Iron Co., 137 Pa. 493, modified.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 17 May Term 1890, Sup. Ct.; court below, No. 512 September Term 1887, C. P.

On October 6, 1890, the judgment of the court below was reversed in the Supreme Court, on the appeal of the plaintiff in the case of the Commonwealth against the Philadelphia & Reading Coal & Iron Company—see Commonwealth v. Coal & Iron Co., 137 Pa. 481,—and judgment entered for the plaintiff, and against the defendant, for the sum of $44,227 and costs, accompanied with the following memorandum:

| | |
|---|---:|
| " Tax on $9,731,337 at three mills, . . | $29,149 00 |
| Interest from September 21, 1887, to October 6, 1890, at twelve per cent., . . | 10,655 00 |
| Attorney's commission, five per cent, . | 1,459 00 |
| Penalty, ten per cent., . . . . | 2,919 00 |
| | $44,227 00 " |

Subsequently, Mr. Wm. B. Lamberton, for the defendant company, filed a motion for a re-argument, urging, inter alia, that the penalty of ten per cent was improperly included in the judgment, for the following reasons:

1. The treasurer of the company having, in accordance with the provisions of the act of assembly, reported to the auditor general, on oath, the amount of indebtedness of the corporation owned by residents of this commonwealth, as nearly as the same could be ascertained, and having assessed each and every of the scrip, bonds, and evidences of indebtedness at its nominal value, as appears by his said report, the company defendant was not in default in any respect of any duty to be performed by it.

2. The company defendant was not in default by reason of a failure to pay the tax claimed within fifteen days after the thirty-first day of December, 1886, no account having been settled against the said company until the twenty-first day of July, 1887, and the right to appeal from said account being reserved to the said company, under the provisions of the act of March 30, 1811, [§ 11, 5 Sm. L. 230.]

3. The imposition of said penalty, if for a failure to pay the said tax within the time limited by the act of 1885, is inconsistent with the right of appeal in said company under the laws of the commonwealth. The objections of the defendant to the said settlement were held valid as to certain of the bonds taxed, and were sustained by the court below with respect to the tax on the $6,809,500 bonds above mentioned.

4. The penalty of ten per cent under the fourth section of the act of 1885, is to be imposed by the auditor general only, for every failure to assess *and* pay said tax *and* make report as aforesaid. Being a penal statute, the act is to be construed strictly.

7. The penalty was not imposed by the auditor general, and was not demanded by the commonwealth in any stage of the above appeal.

8. The above stated case was an appeal to the Supreme Court from the Court of Common Pleas of Dauphin county, and the right of the commonwealth to recover the penalty, and the obligation of the company defendant to pay it, was not passed upon in the court below.

9. The Supreme Court assumed original jurisdiction to pass upon the liability of the company defendant for the penalty, which is a liability distinct from its liability for the tax, in contravention of article V., § 3, of the constitution of Pennsylvania.

10. No default was charged at any time, or in any stage of the above stated case, against the corporation defendant, whereby it might become liable for said penalty; no evidence of such default was produced before any tribunal, and no opportunity was afforded to defendant to answer, or defend against such charge. The imposition of the said penalty was therefore in contravention of article I., § 9, and of article I., § 11, of the constitution of Pennsylvania. For the same reason,

the imposition of said penalty is in contravention of article V., of the amendments to the constitution of the United States, and of § 1 of article XIV. of the amendments to the constitution of the United States.

11. The interest at twelve per cent is itself a penalty: Easton Bank v. Commonwealth, 10 Pa. 451; Commonwealth v. Standard Oil Co., 101 Pa. 119, 150. The charge of annual interest at twelve per cent, attorney general's commission, five per cent, and penalty, ten per cent, making together in this case more than one half of the amount of tax recovered, is in contravention of article I., § 13 of the constitution of Pennsylvania, which forbids that excessive fines be imposed; and if the act of 1885 authorizes and directs the imposition of such an excessive fine, it is in so far unconstitutional and void.

OPINION, MR. JUSTICE MITCHELL :

A re-argument is asked for, especially on the imposition of the statutory penalty by this court in its final judgment. The question is of considerable practical importance; and, as it affected a number of other cases pending at the time, this motion was held over until the argument of those cases, in order that it might receive full consideration and final settlement. It was in the hands of our late Brother CLARK at the time of his lamented death. This much I have thought it proper to say, in explanation of the delay in disposing of the motion.

We are not convinced that the court exceeded its proper authority in entering judgment for the penalty, notwithstanding the failure of the officers of the commonwealth to claim it and the court below to pass upon it. No neglect of the state officers upon whom the primary duty of assessing and imposing the penalty is cast by the statute, can prevent this court from passing the judgment required by the law when the facts of the case are before it. The argument, therefore, that the action of the court was an assumption of original jurisdiction in violation of article V., § 3 of the constitution of Pennsylvania, may be dismissed without extended consideration. Nor do the equally strained arguments on article I., §§ 9 and 11 of the constitution of Pennsylvania and articles V. and XIV. of the amendments of the constitution of the United States, those last resorts of desperate cases, require further notice.

There does remain, however, the substantial question whether the facts of this case make it one for the imposition of the penalty.

By § 4 of the act of June 30, 1885, P. L. 194, it is made the duty of the treasurer of every private corporation, upon the payment of any interest upon scrip, bonds, etc., held by residents of this commonwealth, to assess the tax imposed for state purposes, to report to the auditor general the amount, etc., and to deduct the tax from the interest paid and return the same into the state treasury; " and for every failure to assess and pay said tax, and make report as aforesaid, the auditor general shall add ten per centum as a penalty, to the amount of the tax." This penalty, it is plain, is meant to enforce the performance of the duties which the statute casts upon the corporation treasurer in reference to the tax. It has no relevancy to questions that may arise between the corporation and the state officers, in the settlement of the amount and items of its account, or to any delay that may be incident to the proceedings according to law, by appeal or otherwise. The appeal is a legal right, and does not subject the appellant to any penalty not clearly and expressly imposed upon an unsuccessful appeal itself.

The treasurer of the coal and iron company, as appears, did assess the tax and make due report to the auditor general, but did not deduct the tax and " return the same into the state treasury." This was apparently a default in the performance of the duties cast upon him by the statute. But, in fact, it appears that neither the treasurer nor the corporation made any payment of the interest. The corporation was in the hands of receivers, and the payments of interest in question were not made by it, but by the guarantor of its bonds, the Philadelphia & Reading Railroad Company. As, however, the interest so paid was charged by the railroad company to the coal and iron company, settled for in the settlement of its accounts, and the canceled coupons returned to the latter company, we held that " for purposes of taxation that was equivalent to the actual payment of the interest" by the coal and iron company: Commonwealth v. Coal & Iron Co., 137 Pa. 492. That is the point actually decided; but, in writing the opinion of the court, the fact was accidentally overlooked that the actual payment was made by the railroad company, and that it was not until some time afterwards that the coal and iron company was charged with

and settled for the amount.  While, therefore, this accounting and settlement were equivalent to an original payment, for purposes of taxation, they do not necessarily show a default by the treasurer of the coal and iron company by which the penalty of the statute was incurred.  On the contrary, the facts show that the treasurer did assess the tax and make the required report to the auditor general.  That he did not go further, and deduct the tax and return it into the state treasury, was not a default, because at that time neither he nor his corporation had the money or had made the payment of the interest.

A review of the rather complicated facts, which are here stated only in skeleton, has satisfied us that there was no default under the statute, and that the penalty should not be imposed.

> The judgment heretofore entered by this court is modified by striking out the item for penalty ; the interest is re-calculated, and judgment is now entered as of this date for forty-six thousand one hundred and ninety-nine dollars and fifty-two cents.

March 21, 1892:

The attention of the court has been called to the fact that the imposition of interest at the rate of twelve per cent on unpaid balances and judgments for taxes in favor of the commonwealth, by virtue of the thirteenth section of the act of June 7, 1879, P. L. 119, was intended only for cases of intentional or unexcused delay on the part of the taxpayer.  As the interest begins to run only at thirty and sixty days after the time the taxes and balances become due and payable, and on balances only from the time the auditor general shall have sent a statement of the amount due, this seems to be the fair construction of the act, and accords with the views expressed in Commonwealth v. Standard Oil Co., 101 Pa. 119, 150.

We are of opinion that, under the circumstances of this case, the appellant should not be charged with the twelve per cent interest during the pendency of the motion for re-argument.

> The judgment entered on March 14, 1892, is amended by striking out the interest from October 6, 1890, and is thereby reduced to forty-one thousand three hundred and eight dollars.