# WESTERN UNION TELEGRAPH COMPANY *v.* INDIANA.

## ERROR TO THE SUPREME COURT OF THE STATE OF INDIANA.

No. 649. Submitted December 11, 1896. — Decided February 1, 1897.

The provision in § 11 of the act of March 6, 1893, c. 171, of. the legislature of Indiana, that on the failure or refusal of a telegraph company "to pay any tax assessed against it in any county or township in the State, in addition to other remedies provided by law for the collection of taxes, an action may be prosecuted in the name of the State of Indiana by the prosecuting attorneys of the different judicial circuits of the State . . ., and the judgment in said action shall include a penalty of fifty per cent of the amount of taxes so assessed and unpaid," does not, as to the penalty clause, contravene the Constitution of the United States; and the question whether, in this case, that penalty was properly included in the judgment rendered against the telegraph company was for the determination of the state courts.

In enforcing the collection of taxes one rule may be adopted in respect of the admitted use of one kind of property, and another rule in respect of the admitted use of another, in order that all may be compelled to contribute their proper share to the burdens of government.

The amount of penalty to be enforced for non-payment of taxes is a matter within legislative discretion.

UNDER an act of the general assembly of Indiana of March 6, 1891, c. 99, in respect of the assessment and collection of taxes upon all property within the jurisdiction of the State, it was provided that payment of the taxes in the year succeeding their assessment might be made in two instalments, and a penalty of ten per cent was denounced for the first six months of delinquency and of an additional six per cent for the second six months.

On March 6, 1893, an amendatory act was passed, c. 171, providing for the taxation of telegraph, telephone, palace car, sleeping car, drawing-room car, dining car, express, fast freight and joint stock associations, companies, copartnerships and corporations transacting business in the State, of which section 11 was as follows:

" In case any such association, copartnership or corporation, as named in this supplemental and amendatory act, shall fail or refuse to pay any taxes assessed against it in any county or township in the State, in addition to other remedies provided by law for the collection of taxes, an action may be prosecuted in the name of the State of Indiana by the prosecuting attorneys of the different judicial circuits of the State on the relation of the auditors of the different counties of this State, and the judgment in said action shall include a penalty of fifty per cent of the amount of taxes so assessed and unpaid, together with reasonable attorney's fees for the prosecution of such action, which action may be prosecuted in any county into, through, over or across which the line or route of any such association, copartnership, company or corporation shall extend, or in any county where such association, company, copartnership or corporation shall have an office or agent for the transaction of business. In case such association, company, copartnership or corporation shall have refused to pay the whole of the taxes assessed against the same by said state board of tax commissioners, or in case such association, company, copartnership or corporation shall have refused to pay the taxes or any portion thereof assessed to it in any particular county or counties, township or townships, such action may include the whole or any portion of the taxes so unpaid in any county or counties, township or townships, but the attorney general may, at his option, unite in one action the entire amount of the tax due, or may bring separate actions in each separate county or township, or join counties and townships, as he may prefer. All collection of taxes for or on account of any particular county made in any such suit or suits, shall be by said auditor of State accounted for as a credit to the respective counties for or on account of which such collections were made by said auditor of State at the next ensuing settlement with such county, but the penalty so collected shall be credited to the general fund of the State; and upon such settlement being made, the treasurers of the several counties shall, at their next settlements, enter credits upon the proper duplicates in their offices, and at the next settlement with such county report the

amount so received by him in his settlement with the State, and proper entries shall be made with reference thereto : *Provided, however*, That in any such action the amount of the assessment fixed by said state board of tax commissioners and apportioned to such county, or apportioned by the county auditor to any particular township, shall not be controverted."

In December, 1893, the Western Union Telegraph Company brought suit against the auditors and treasurers of the various counties in the State of Indiana through or in which its lines extended, to enjoin the collection of the taxes assessed for the year 1893, on the ground that the act of 1893 was unconstitutional. This cause was decided in favor of the validity of the law in the Circuit Court of Marion County, from which an appeal was taken to the Supreme Court of Indiana, where the judgment was affirmed. 141 Indiana, 281. A writ of error was sued out from this court to the Supreme Court of Indiana to review that decision, and the judgment of that court was affirmed. *West. Un. Tel. Co.* v. *Taggart*, 163 U. S. 1.

In August, 1894, the telegraph company filed a bill in the Circuit Court of the United States for the District of Indiana against the auditor of the State of Indiana to enjoin him from certifying to the auditors of the various counties the assessments on its property made by the state board of tax commissioners for the year 1894, on the ground of the unconstitutionality of the act of 1893. A demurrer was sustained to the bill, and it was thereupon dismissed. 68 Fed. Rep. 588. From this decree of the Circuit Court an appeal was taken to this court and the cause docketed February 17, 1896, which appeal was dismissed by appellant, December 7, 1896.

On May 7, 1894, the State of Indiana brought suit against the company in the Circuit Court of Marion County to recover the taxes for 1893, and subsequently, on June 11, 1895, filed a supplemental complaint therein, seeking judgment for the delinquent taxes for the year 1894. The State recovered judgment for the amount of the taxes and penalties thereon for the years named, including the penalty of fifty per cent, and the telegraph company appealed to the Supreme Court of the State, where the judgment was affirmed. 44 N. E. Rep.

793. The cause was then brought to this court on writ of error.

*Mr. Samuel O. Pickens, Mr. Willard Brown* and *Mr. Charles W. Wells* for plaintiff in error.

*Mr. William A. Ketcham,* Attorney General of the State of Indiana, *Mr. Alonzo Greene Smith* and *Mr. Merrill Moores* for defendant in error.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

Whether the fifty per cent penalty clause of the act of 1893 contravenes the Constitution of the United States is the question presented on this writ. If it does not, the question whether that penalty was properly included in the judgment rendered against the telegraph company was for the determination of the state courts.

The necessity of classifying the subjects of taxation in order to reach uniform and just results, as far as possible, is not denied; nor that the infliction of penalties on delinquency is a usual and legitimate mode of compelling the prompt payment of taxes. But the contention is that this provision for a fifty per cent penalty is an arbitrary discrimination, not falling within the principle of classification; and, therefore, open to constitutional objection, as amounting to a denial of the equal protection of the laws and a deprivation of property without due process of law.

The Supreme Court of Indiana was of opinion that by reason of the differences in the nature of these companies and the uses to which their property was devoted in the prosecution of their business from other taxpayers and their property and business, the legislature was justified in placing them in a class by themselves and subjecting them to the particular method of effecting collection by means of penalties and suit for recovery of judgment for the delinquent taxes with penalties added.

Under the act of March 6, 1891, taxpayers and their property were variously classified in respect of the nature of their business and property; as for instance, associations for banking purposes not incorporated, were placed in one class, while the shares of capital stock of banks located within the State, whether organized under the laws of the State or the United States, were placed in another and assessed to the owners thereof, special provision being made for the bank to retain dividends belonging to the stockholders until the taxes should be paid (Acts, Ind. 1891, c. 99, §§ 59, 60 to 66); insurance companies, not organized under the laws of the State, were placed in another class, and it was provided that any insurance company failing or refusing for more than thirty days to render an account for its premium receipts and pay taxes thereon, should forfeit one hundred dollars per day for each day the report was withheld or payment delayed, to be recovered in an action, authority being also conferred on the auditor of State to revoke the authority of the defaulting company to do business (§ 67); express companies were placed in another class and provision made for the forfeiture of one hundred dollars per day for failing to render the particular account provided for and pay the required taxes thereon, to be recovered in an action, the companies being prohibited from carrying on business until the payment was made. (§ 68.) Similar provisions were made as to telegraph companies (§ 69), telephone companies (§ 70), and sleeping car companies (§ 71), and the same in substance as to bridge and ferry companies (§ 72). Street railroads, water-works, gas, manufacturing and mining companies, insurance companies and other associations incorporated under the laws of the State, etc., were subjected to still a different provision (§ 73). Railroad companies (§§ 76 to 88), and building, loan and savings institutions (§ 89), were also placed in different classes.

The act of March 6, 1893, repealed the sections of the prior act relating to express, telegraph, telephone and sleeping car companies, and, with other provisions, prescribed this fifty per cent penalty and provided for an action for the delinquent taxes and penalties, by way of securing collection. The ordi-

nary remedies by levy, distraint and sale were manifestly believed by the general assembly to be open, as to these companies and their properties, to objection as interfering with the exercise of their public functions, and directly impeding the transaction of interstate commerce; and the impracticability of pursuing the ordinary methods of collection, in view of that objection, furnished a sufficient ground for the adoption of another mode as better suited to the exigency. because not involving the suspension of the discharge of public duty in that regard.

. It has been repeatedly laid down, as stated by Mr. Justice Lamar, in *Pacific Express Company* v. *Seibert*, 142 U. S. 339, 351, "that a. system which imposes the same tax upon every species of property, irrespective of its nature or condition or class, will be destructive of the principle of uniformity and equality in taxation and of a just adaptation of property to its burdens"; and it is equally true as to the particular means taken to enforce the collection of taxes, one rule may. be adopted in respect of the admitted use of one kind of property and another rule in respect of the admitted use of another, in order that all may be compelled to contribute their proper share to the burdens of government.

As to railroad companies, it had been decided in Indiana that, under existing statutes, neither the franchise and privileges of such companies, nor any lands, easements or things essential to their existence, or necessary to the enjoyment of their franchise, could be sold on execution to satisfy judgments at law against them, while their rolling stock, when not in actual use, was liable to seizure and sale; and that the legislature had deemed it the wiser course to leave the method of coercing payment in each case to the flexible jurisdiction of a court of chancery rather than to prescribe a method which might be suited to one case and not to another. *Louisville, New Albany and Chicago Railway Co.* v. *Boney*, 117 Indiana, 501.

In respect of the companies under consideration, the infliction of a severe penalty and the recovery of judgment in a suit for taxes and penalties, which judgment would bear interest (as it had been held delinquent taxes did not, *Evansville*

& Terre Haute Railroad v. West, 139 Indiana 254), and could be collected through the appointment of a receiver, by sequestration or otherwise, if in such manner as enabled the discharge of public duties to be maintained, was assumed, on grounds of public policy, to be the least objectionable and most efficient course to be pursued.

Judgments having been rendered at law, whatever course might be adopted, thereupon, for their collection would be necessarily such as would conserve the public interest and would not stay the operations the companies were organized to carry on.

The amount of the penalty was a matter for the legislature to determine in its discretion, and the Supreme Court refers to the imposition of penalties in other instances under the statutes of Indiana, varying according to particular subjects of taxation, apparently calculated to operate with quite as much harshness.

It may, properly, be further remarked that these companies could have avoided incurring this liability since, if desirous of testing the legality of the taxes assessed against them, they could have paid them under protest and brought suits to recover back the money so paid, if unlawfully exacted, or applied to the proper authorities for relief, adequate provision being made by the laws of Indiana for the prompt return thereof in case of the invalidity of the assessment, in whole or in part. Stat. Ind. 1894, §§ 7915, 7916.

We are unable to discover any ground for holding that the Federal Constitution was violated by this law, and agree in the view which the Supreme Court of the State expressed in the premises.

*Judgment affirmed.*

Mr. Justice HARLAN and Mr. Justice WHITE dissented.