BANKERS TRUST COMPANY ET AL., EXECU-
TORS OF McMULLEN, *v.* BLODGETT, TAX COM-
MISSIONER OF THE STATE OF CONNECTICUT.

ERROR TO THE SUPERIOR COURT OF THE STATE OF CON-
NECTICUT.

No. 169. Argued January 3, 1923.—Decided January 22, 1923.

1. A state law which, in order to reach property which has escaped taxation, taxes the estates of decedents for a period anterior to date of death, but allows proportionate deductions where a personal representative shows that taxes were paid, or property was not owned, by his decedent within the period, does not deprive the creditors and distributees of the estates of their property without due process of law. P. 650. Gen. Stats. Conn. 1918, § 1190, sustained.

2. The delinquency of a decedent in not paying taxes may be penalized under the state taxing power by inflicting upon his estate a penalty measured by the discretion of the legislature. P. 651.

3. The constitutional prohibition of *ex post facto* laws is inapplicable to a retroactive tax penalty. P. 652.

96 Conn. 361, affirmed.

ERROR to a judgment of the Superior Court of Connecticut, entered upon direction of the Supreme Court of Errors, in a proceeding to review a tax assessment.

*Mr. William H. Comley* for plaintiffs in error.

*Mr. Frank E. Healy,* Attorney General of the State of Connecticut, *Mr. William E. Egan* and *Mr. Carlos S. Holcomb* appeared for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the Court.

By § 1190 of the General Statutes of the State of Connecticut, 1918, passed in 1915, it is provided that "All taxable property of any estate upon which no town or city tax has been assessed . . . . or upon which no tax has been paid to the state during the year preceding the date of the death of the decedent, shall be liable to a tax of two per centum per annum on the appraised inventory value of such property for the five years next preceding the date of the death of such decedent, *provided*, the executor or administrator of any estate may, by furnishing evidence to the satisfaction of the tax commissioner that a state, town or city tax has been paid on any of such property for a portion of said five years or that the ownership of such property has not been in the decedent for a portion of said period, obtain a proportionate deduction from the tax hereby imposed, . . ."

It is further provided (§ 1192) that "Any executor, administrator or representative of such an estate aggrieved by the action of the tax commissioner in determining such tax, if unable to agree with the tax commissioner upon the amount of such tax as provided in section 1190, may, within ninety days from the time of the filing by the tax commissioner of such statement or corrected statement with the judge of probate, make application in the nature of an appeal therefrom to the superior court of the county in which such probate court is located which shall be accompanied by a citation to said tax commissioner to appear before such court."

Lena McMullen died in 1919, and the information required by an act passed in that year, amendatory of an act concerning inventories of estates,[1] having been filed by plaintiffs in error as her executors and sent, as required,

---

[1] Public Acts of Conn. 1919, c. 50, p. 2713.

by the Probate Judge to the Tax Commissioner, that officer filed with the State Treasurer a statement that there was due from the estate of the decedent to the State of Connecticut by virtue of its statutes, $10,286.39, and made claim for such sum.

Plaintiffs in error, within the time provided in § 1192, made, to quote from the language of the section, "application in the nature of an appeal" from the claim to the Superior Court of the county in which the Probate Court was located, in accordance with § 1192.

The Tax Commissioner, acting for the State, demurred "to the reasons of application and appeal," and the Superior Court, by consent of the parties, reserved the questions of law arising upon the demurrer "for the advice of the Supreme Court of Errors . . . as to what judgment should be rendered" on the demurrer. In fulfillment of the "reservation" the Supreme Court of Errors took the case, adjudged the statute to be valid, and advised the Superior Court "to sustain the demurrer and to dismiss the application."

The Superior Court in execution of that direction sustained the demurrer and entered judgment dismissing the "application in the nature of an appeal." To review that judgment is the purpose of this writ of error. Manifestly, however, it is the views and reasoning of the Supreme Court of Errors that must engage our attention as they constituted the foundation of the judgment of the Superior Court.

In description of the statute, the Court of Errors said, its purpose is "to compel estates to pay to the State a sum which shall approximately equal the taxes which property of the estate has escaped paying while in the hands of the decedent"; and "the single point raised by the demurrer," the court further said, "is that the statutes which authorize this action of the commissioner are unconstitutional."

The specifications of the ground of offense urged by plaintiffs in error against the·Fourteenth Amendment (and with this only are we concerned) were said by the court to be that the statute deprived "creditors and distributees of this estate of their property without due process of law, (a) by exacting a penalty from them for the failure of the decedent to list his property for taxation, and (b) by creating against them a presumption of guilt for such omission." The comment of the court upon the specifications was that both "rest upon the unfounded premise that the property of this estate, upon the decease of the owner, passed to the distributees subject to the payment of the just debts of the estate." And the court further said, "The right to dispose of one's property by will, and the right to have it disposed of by law after decease, is created by statute, and therefore the State may impose such conditions upon the exercise of this right as it may determine. *Stone Appeal*, 74 Conn. 301, 302; *Hatheway* v. *Smith*, 79 Conn. 506." See also *Plummer* v. *Coler*, 178 U. S. 115, 134; *Knowlton* v. *Moore*, 178 U. S. 41.

The conclusion of the court is of such authoritative effect as not to need much comment. The attack upon it by plaintiffs in error is based upon a confusion of rights. As pointed out by the Supreme Court of Errors, executors and administrators do not own the property committed to them for administration. It goes to them subject to the liabilities and burdens upon it in the hands of its owner, and whatever interest distributees or creditors may have is subject to the same liabilities and burdens,— subject, we may say, as the court decided, to the tax which the State has imposed on its disposition or devolution. And the tax does not take on a different quality or incident because it is, or has the effect of, a penalty. And the court, construing the statute, declared it was a provision for penalizing a delinquency—the delinquency

of the decedent, and made to survive " by statutory sanction." " In effect," the court said, " this statute is a penalty imposed upon the estate because of the delinquency of the decedent, and no less permissible than the penalty tax against the decedent, kept alive by statutory sanction."

Plaintiffs in error do not contest the principle expressed but deny its application by asserting, (1) there was no debt owed by decedent, (2) no action under the statute arose against her, (3) no penalty had been incurred by her because as long as she lived the statute was inapplicable to her, (4) it is not a tax, for its primary object is punishment, not revenue.

The assertions are unjustified. There was an evasion of duty by decedent, and the obligation she incurred, and should have discharged, was imposed upon her estate, and legally imposed, for out of her estate only can it be discharged. The payment of taxes is an obvious and insistent duty, and its sanction is usually punitive. The Connecticut statute is not, therefore, in its penal effects, unique, nor are they out of relation or proportion to a decedent's delinquency.

The Court of Errors recognized that the tax of the statute " may not represent what the decedent would have been required to pay had " she " paid the state or local tax." And, as we have seen, the tax may be upon the appraised inventory value for the five years next preceding the death of the decedent with a proportionate deduction if a tax has been paid on any of the property for a portion of the five years, or if the ownership of the property has not been in the decedent for a portion of that period. The provision, however, is but a way of fixing a penalty for the delinquency, which it is competent for the State to do. We said in *Western Union Telegraph Co.* v. *Indiana,* 165 U. S. 304, 310, that the amount of a penalty is a matter for the legislature of a State to deter-

mine in its discretion, and in accordance with the principle we sustained a penalty of 50 per cent. of the taxes assessed against the Telegraph Company and unpaid by it.

Section 1190 was passed in 1915 and went into effect August 1st of that year. Decedent died in May, 1919. Plaintiffs in error contend, therefore, that in one of the years (1914) of the five of omission to pay taxes " the only penalty provided by law. therefor was the addition of ten per cent. to the assessed valuation of the omitted property." ' Therefore, it is the further contention, the attempt of the section is " to reach into the past and to provide a ' greater punishment than the law did when the crime was committed,' " and hence incurs constitutional prohibition as an *ex post facto* law.

The contention is untenable. The penalty of the statute was not in punishment of a crime, and it is only to such that the constitutional prohibition applies. It has no relation to retrospective legislation of any other description. *Johannessen* v. *United States,* 225 U. S. 227, 242.

The final contention of plaintiffs in error is that the statute can only be sustained on the assumption that " in the last analysis the property of deceased persons belongs to the State."

The contention is extreme. The power of taxation, with its accessorial sanctions, is a power of government, and all property is subject to it. And it is a proper exercise of it to satisfy out of his estate the delinquency of a property owner. It is so complete that it does not need the assumption of universal ownership by the State to justify it.

*Affirmed.*