## Anthracite Coal Tax Settlement.

*Taxation—Settlement of anthracite coal tax—10 per centum penalty—Act of May 11, 1921.*

Under paragraph 3, section 2, of the Act of May 11, 1921, P. L. 479, the 10 per centum penalty may be added in the tax settlement if a corporation, partnership or individual engaged in preparing anthracite coal for the market does not file the Anthracite Coal Tax Report on or before February 1st following the year for which the report is made, even though no estimated settlement has been made prior to the filing of the report.

Department of Justice. Opinion to Hon. J. Lord Rigby, Revenue Deputy, Auditor General's Department.

MOYER, Dep. Att'y-Gen., Sept. 17, 1926.—You have inquired of this department whether, under paragraph 3 of section 2 of the Act of May 11, 1921, P. L. 479, the 10 per centum penalty may be added in the tax settlement if a corporation, partnership or individual engaged in preparing anthracite coal for market does not file the Anthracite Coal Tax Report on or before Jan. 31st following the year for which the report is made, and no estimated settlement has been made prior to the filing of the report.

Anthracite Coal Tax Settlement.

You direct our attention to the following part of paragraph 3, section 2 of said Act of May 11, 1921: "If any individual, superintendent or other officer of any firm, corporation, limited partnership or joint-stock association, or any other owner, partner or lessee of any mine, mines, washery or screening operation shall neglect or refuse to furnish the Auditor General, on or before the 15th day of January of each and every year with the assessment and report as aforesaid, as required by law, or cause the same to be done, or make or cause to be made any false report, it shall be the duty of the accounting officers of the Commonwealth to add 10 per centum to said tax for each and every year for which assessment and report were not so furnished, which percentage shall be settled and collected with the said tax in the usual manner of settling accounts and collecting such taxes."

In the determination of the question raised we find it necessary not only to consider the part of section 2 of said Act of 1921, just quoted, but to consider the various other provisions of said act concerning the reports required to be made to the Auditor General for taxation purposes under the act.

In the first paragraph of said section 2 of said Act of 1921, it is made the duty of the individual, superintendent or other officer in charge of any anthracite coal mine or mines, washery or screening operation to *"annually, on or before the 1st day of February for the calendar year next preceding,"* report in writing to the Auditor General the number of gross tons made taxable under the act, and the assessed value thereof during the calendar year covered by the report, and the amount of tax assessed thereon.

In the second paragraph of said section 2 it is provided: "In the event of the failure, neglect or refusal of the individual, superintendent or other officer in charge of any mine, mines, washery or screening operation to make the report and valuation to the Auditor General as hereinbefore provided, on or before the 1st day of February in each and every year, it shall be the duty of the Auditor General to estimate an assessment and valuation of the coal prepared for market by any person, firm, corporation, owner or operator, as aforesaid, and settle an account for taxes, penalty and interest thereon, from which settlement there shall be no right of appeal."

At the beginning of the third paragraph of said section, it is provided that every person, firm or corporation, from which a report is required by the act, shall pay the amount of tax imposed, within sixty days from date of settlement, "plus a penalty of 10 per centum for every failure to assess said tax and *to make report as required by this act."* Following this, in the same paragraph, we find the provision referred to by you, and previously quoted herein, where it is provided that if any individual or officer of any corporation, firm, owner or lessee of any mine, mines, washery or screening operation "shall neglect or refuse to furnish, on or before the 15th day of January of each and every year, with the assessment and report as aforesaid, *as required by law,* . . . it shall be the duty of the accounting officers of the Commonwealth to add 10 per centum to said tax for each and every year for which assessment and report *were not so furnished."*

Because of the fact that this latter provision refers to a neglect or refusal to furnish a report to the Auditor General, "on or before the 15th day of January of each and every year," and thereby appears to be in conflict with previous provisions which refer to the time of annually filing reports as "on or before the 1st day of February for the calendar year next preceding," it is necessary to harmonize this provision with the other passages of the act to get the true intent and meaning. It is clear that the legislature intended to impose a penalty on those individuals, firms and corporations engaged in pre-

paring anthracite coal for market who refuse or neglect to assess the tax and to file returns as required; and it was made the duty of the accounting officers of the Commonwealth to impose the penalty where the reports were not filed at the time required, unless the time of filing was extended as provided.

In the first paragraph of said section 2 of the Act of May 11, 1921, the duty is imposed upon individuals, superintendents or other officers in charge of mines or other operations preparing anthracite coal for market to annually report to the Auditor General, "on or before the 1st day of February for the calendar year next preceding," the gross tons of coal taxable. In the second paragraph of said section the same time is also referred to for making the report, as indicated by the provision from this paragraph previously quoted herein. It is to be further noted that, in the part of said paragraph 3 to which you direct our attention, although it refers to the duty of imposing the penalty in event there shall be a neglect or refusal to file the report "on or before the 15th day of January of each and every year," we, nevertheless, find this expression immediately followed by the expression, "as required by law." Consequently, we are of the opinion that the true purpose and intent of the legislature in this provision imposing a penalty was to refer to the time previously designated and definitely fixed for the filing of the report, to wit, "on or before the 1st day of February." Therefore, if the person, officer or firm designated in the act shall neglect or refuse to furnish the Auditor General, on or before the 1st day of February, with said report as required by the act, it is made the duty of the accounting officers of the Commonwealth to add 10 per centum to the anthracite coal tax for each and every year for which assessment and report "were not so furnished."

Penalties are prescribed in many of our statutes for delinquencies in filing tax reports and in the payment of taxes. These penalties are part of the machinery by which the government is enabled to compel payment of its taxes. The power to impose the penalty attaches as a necessary incident of the right to collect taxes. The amount of such penalty to be imposed is in the discretion of the legislature: Western Union Telegraph Co. v. State of Indiana, 165 U. S. 304, 41 L. Ed. 725. In the case of Com. v. Coal and Iron Co., 145 Pa. 283, where an account had been settled by the accounting officers of the Commonwealth against a corporation for taxes on corporate indebtedness, the Supreme Court said, in construing the expression in section 4 of the Act of June 30, 1885, P. L. 194, viz., "And for every failure to assess and pay said tax and make report as aforesaid, the Auditor General shall add 10 per centum as a penalty to the amount of the tax," as follows: "This penalty, it is plain, is meant to enforce the performance of the duties which the statute casts upon the corporation treasurer in reference to the tax. It has no relevancy to questions that may arise between the corporation and the State officers in the settlement of the amount and items of its accounts or to any delay that may be incident to the proceedings according to law, by appeal or otherwise."

The Supreme Court, in the first argument of this case (137 Pa. 481), entered judgment for the penalty, notwithstanding the failure of the officers of the Commonwealth to claim it and the court below to pass upon it; and in its opinion on the reargument sustained its action in so doing.

You are, therefore, advised that if any individual, superintendent or other officer of any firm, corporation, limited partnership, or joint-stock association, or any other owner, partner or lessee of any mine, mines, washery or screening operation engaged in preparing anthracite coal for market, shall neglect or refuse to furnish the Auditor General annually, on or before the 1st day

of February for the calendar year next preceding, or cause the same to be done, a report in writing, stating specifically the number of gross tons of anthracite coal made taxable under the Act of May 11, 1921, P. L. 479, and the assessed value thereof as required by said act, it shall be the duty of the accounting officers of the Commonwealth to add 10 per centum to the anthracite coal tax for each and every year for which assessment and report were not so furnished, i. e., on or before the 1st day of February for the calendar year next preceding, even though no estimated settlement had been made prior to the filing of any report. From C. P. Addams, Harrisburg, Pa.