## SANDUSKY BAY BRIDGE CO v FALL

Ohio Appeals, 6th Dist, Ottawa Co

No 141. Decided Dec 25, 1931

Knepper, White, Smith & Dempsey, Columbus, for plaintiff.

Gilbert Bettman, A. G., Columbus, William J. Ford, Ass. A. G., Columbus and Scott Graves, Pros. Atty., Port Clinton, for defendant.

RICHARDS, J.

The property of the plaintiff in the bridge and the approaches thereto located in Ottawa County has been assessed as real estate by the County Auditor of said County on a valuation of $500,000.00 and placed on the tax duplicate for that amount. The plaintiff contends that its property is not in fact real estate and avers that the body of water known as Sandusky Bay is a navigable body of water and that the lands underlying the waters thereof are owned by the State of Ohio in trust for the benefit of all of the people of the State. Plaintiff's contention, in fact, is that its property is not physical and corporeal property subject to taxation but that the bridge structure over the subaqueous lands of Sandusky Bay is only an easement and not taxable as such. The defendants concede that the open waters of Sandusky Bay are connected with Lake Erie and are navigable and not subject to private ownership and that the title to the land underlying such waters, including the lands on which the bridge structure is constructed, is owned by the State of Ohio in trust for the benefit of the people of the State. The question at issue between the parties to this litigation is whether that part of the bridge lying in Ottawa County and built over the subaqueous lands owned by the State is subject to taxation as real estate or improvements thereon.

Sec 5322 GC in the Chapter on Taxation, defines real property as follows:

"The terms 'real property' and 'land' as so used, include not only land itself, whether laid out in town lots or otherwise, with all things contained therein but also, unless otherwise specified, all buildings, structures, improvements and fixtures of whatever kind thereon, and all rights and privileges belonging, or appertaining thereto."

As long ago as 1876 it was held by the Supreme Court in **Cincinnati College vs Yeatman, Auditor, 30 Oh St 276,** "that there may be several and distinct tenements in the same building, under the same roof, as well where one is **over** the other as where one is **beside** the other." At this late day it may be deemed settled that the owner of real estate does not necessarily own a complete and perfect title extending from the earth below to the heavens above, but that one person may own the land itself and another the structure on the land in perpetuity. Indeed, with the increasing congestion in cities, it becomes more and more important that real estate may be divided in ownership horizontally as well as perpendicularly. It is common knowledge that in some cities large apartment houses have been constructed and separate apartments sold and conveyed in fee to different purchasers. We can see no reason why the ownership by the plaintiff of the structure is not real estate notwithstanding the title to the subaqueous lands on which it is constructed is in the State of Ohio.

A similar question came before the Court of Appeals of New York and is reported in **Smith vs. The Mayor, etc., 68 N. Y., 552.** In that case a pier had been constructed in the harbor of New York upon lands belonging to the state under a grant from it to construct and maintain the pier and charge wharfage, and it was held under a statute not dissimilar from our statute, that the interest of the party constructing the pier is land, within the meaning of the statute, and liable to be taxed as such. See also

**State ex rel vs. Metz, Collector, 29 N. J. L., 122;**

**Inhabitants of Kittery vs. Proprietors of Portsmouth Bridge, 78 Me., 93;**

**Russell, Receiver vs. City of New Haven, 51 Conn., 259;**

**Railroad Co. vs. City of Los Angeles, 180 Cal., 18;**

**People ex rel vs. Upham, et al., 221 Ill., 555;**

**Cooley on Taxation (4th Ed.) Vol. 2, §630.**

No doubt can exist but that the Constitution of Ohio contemplates that all property physically located within the state should be taxed unless clearly exempted from taxation by legislative enactment, and §5328 GC unequivocally carries out that requirement.

The bridge involved in this litigation cost

the plaintiff more than $1,000,000.00. It is not a mere franchise or easement granted by the state but is physical, corporeal property, classed as real estate and taxable as such, together with the contiguous uplands owned by the plaintiff.

Counsel for the plaintiff rely on the case of **Bear Mountain Hudson River Bridge Co. vs Diamond**, Assessor, et al, 213 N Y S, 258. The Bear Mountain Hudson River Bridge is a toll bridge erected over the Hudson River just below West Point and was constructed by a bridge corporation under a special franchise which authorized it to maintain and operate the bridge and receive the tolls therefrom for a period of thirty years, after which the bridge was to become the property of the state. It was held that it was not taxable as realty for the reason that the ownership of realty implies perpetuity, or at least the possibility of perpetuity, and that the statute of New York then in force for taxing a bridge belonging to a corporation applied only to such structure as belonged permanently to the corporation. That judgment was affirmed without report in 225 **N. Y. S.**, 865, by the Supreme Court, Appellate Division, the court adding the statement that what the bridge company was using constituted a special franchise which was taxable only as such, citing **People ex rel vs. Moroney**, 224 **N. Y., 114**. This latter case is based upon a statute of the State of New York, 8 **Consolidated Laws of New York** (1915) 8269, §6 which is set forth in **People ex rel vs. State Board of Tax Commissioners**, 215 **N. Y.**, 507, 510. That statute provides that a special franchise should be deemed to include the value of tangible property of the corporation situated under or above any street, &c., and that the tangible property shall be taxed as a part of the special franchise. It is apparent therefore, that the decision in the **Bear Mountain Hudson River Bridge** case could well be based upon the conclusion that the interest of the corporation in the bridge was not real estate, not being in perpetuity nor possibility of perpetuity, and also upon the ground that the statutes of the State of New York require such a structure to be valued for taxation as a part of the special franchise issued to the corporation. We know of no such statute in Ohio and the statute was not in force in New York until long after the decision of the Court of Appeals of New York, in 68 **N. Y., 552**, cited supra. That case has been often cited with approval and the statute law of New York relating to the taxation of such a structure was then similar to the statutes on that subject in force in Ohio when this assessment was made.

This court agrees with the court of common pleas that the Sandusky Bay Bridge, as constructed upon the subaqueous land of the State of Ohio, has a separate existence from said land for the purpose of taxation and it is immaterial that part of the bridge is constructed over navigable waters; that it is not exempt from taxation and is subject to be assessed for taxation as real property.

For the reasons given a judgment and decree will be rendered for the defendants, dismissing the petition and dissolving the injunction.

LLOYD and WILLIAMS, JJ, concur.