## RAPA et v. HAINES et.

Common Pleas Court, Montgomery County.

No. 104036.   Decided October 22, 1951.

Samuel Levin, Dayton, for plaintiffs.
Pierce Wood, Asst. to Pros. Atty., Dayton, for defendants.

## OPINION

By MILLS, J.

The petition of plaintiffs herein reads as follows:

"Plaintiffs herein, for their cause of action, say that they are each owners and occupiers of house trailers, located in Montgomery County, Ohio, which trailers are subject to an annual tax of $18.00 under §6292-2 GC which enjoins upon the Montgomery County auditor, the defendant herein, the duty of collecting said tax.

"1.

"Plaintiffs say that said statute §6292-2 GC is invalid and void for the reason that it contravenes **Section 2, Article 12, of the Ohio Constitution,** which provides that taxes levied upon property, according to value, shall be uniform and shall not exceed 1% of the value thereof, unless authorized by vote of the people, or the municipal charter. Plaintiffs say that this tax is not levied according to value, being $18.00 on each house trailer, regardless of value. Plaintiffs say that this is a specific tax on property without regard to the value thereof, and therefore in violation of **Section 2, Article 12, of the Ohio Constitution.**

"2.

"For their second cause of action, plaintiffs incorporate herein, as if specifically re-written, the first paragraph of their petition above, and say that said statute §6292-2 GC, provides for a penalty of $50.00, if the tax provided therein is not paid within thirty days after it is due. Plaintiffs say that this penalty is harsh, unreasonable, and oppressive, and violates **Sec. 2, Art. 1, of the Ohio Constitution,** which section guarantees equal protection of the law to all citizens. Said penalty of $50.00 amounts to 277% of the tax of $18.00 due on April 1, of each year, and amounts to 1111% of the tax of $4.50 due in the last quarter of the year, if ownership and occupancy of the house trailer begins during this period.

"Plaintiffs say that said penalty is a denial of the equal protection of the laws, inasmuch as other owners of personal property, subject to tax, are subject to a penalty of only 10% of the tax due, if payment is late, under §2657 **GC.**

"Wherefore, plaintiffs pray for a temporary restraining order, restraining the defendant herein, the county auditor of Montgomery County, Ohio, from any further collection of the tax levied under §6292-2 **GC,** and that upon the final hearing hereof, said temporary injunction may be made permanent, and that the plaintiffs herein may have all other proper relief to which they may be entitled in law or equity, including the refund of any unexpended portion of the tax collected by the defendant under said §6292-2 **GC.**"

This is an action for a temporary and permanent injunction restraining the defendant, the county auditor, from any further collection of tax levied under §6292-2 **GC,** and for any other and proper relief in law and equity including any refund of unexpended portion of the tax collected by the defendant under §6292-2 **GC.**

To this petition a general denial is filed by the defendants asserting that the tax is constitutional and enacted according to law.

The specific section of the statute, §6292-2 **GC** entitled "Tax Levy upon house trailers; purpose; rates; * * *" is too lengthy to incorporate in this decision. The principal question is whether the above tax law as enacted by the legislature is constitutional.

This cause was submitted upon an agreed stipulation of facts and briefs of counsel; the stipulation is as follows:

"By agreement of the parties, this cause is submitted to the court for determination of the legal issues involved upon the following stipulation:

"1. Plaintiffs are the owners and occupiers of house trailers located in Montgomery County, Ohio, which trailers are subject to annual tax of $18.00 under §6292-2 **GC.**

"2. **Sec.** 6292-2 **GC** enjoins upon the Montgomery County Auditor the duty of collecting said tax and paying the same over to the Montgomery County Treasurer.

"3. The tax levied by §6292-2 **GC** is not levied according to value, but is a specific tax, being $18.00 on each house trailer, regardless of value.

"4. **Sec.** 6292-2 **GC** provides for a penalty of $50.00 if the tax is not paid within thirty days after it is due."

Quoting from **38 O. Jur., page 788:**

"In the absence of any stipulation to the contrary, a sovereign state possesses the power of taxing all property held under it,

and within its jurisdiction. Furthermore, the state constitution contemplates that all property physically located within the state shall be taxed unless clearly exempted by legislative enactment. (Citing **Sandusky Bay Bridge Co. v. Fall, 41 Oh Ap 355, 181 N. E. 112.**) And it has been declared that this power to tax necessarily involves the right to designate the property upon which it is to be levied.

"It has been asserted that 'there is no constitutional limitation resting upon the authority of the general assembly to levy tax on property of every kind and character, except that it must be uniform and according to its true value in money.' And further 'The legislature has intended to reach, for the purposes of taxation, the property of every citizen, whatever its form may be, and which is not by law exempt, to the end that all shall bear their just share of the public burdens.' (Citing **Lewis v. State, 69 Oh St 473, 69 N. E. 980.**)

"Under the present tax laws, all property, except such as is expressly exempted, is subject to taxation, there being, as previously stated, three classes, namely, real property, tangible personal property and intangible personal property, the classification of property for purposes of taxation being authorized by the Ohio constitution."

Quoting from 47 American Jurisprudence 203: "While it is frequently declared that express constitutional requirements as to equality and uniformity of taxation are applicable to property taxes and not to excises, and while in a number of instances particular statutes imposing sales taxes have been held not violative of constitutional declarations providing in effect that taxes on property should be ad valorem and uniform upon the same class of subjects within the territorial limits of the authority imposing the tax, because of such constitutional provisions do not apply to excise taxes but only to property taxes * * *."

Quoting from **Saviers v. Smith, Secretary of State, 101 Oh St 132, 128 N. E. 269,** the first, third, and fourth syllabi read:

"1. The power to tax is an attribute of sovereignty, and in this state is included in the general legislative power which is conferred by **Section 1, Article II, of the Constitution,** upon the General Assembly without limitation."

"3. Under the general grant of legislative power conferred by **Section 1, Article II, of the Constitution,** the Legislature may tax rights, privileges, and franchises."

"4. An excise is a tax imposed on the performance of an act, the engaging in an occupation, or the enjoyment of a privilege, and by the provisions of **Section 10, Article XII, of the Constitution,** specific authority has been conferred for the levying of such a tax."

Let us look to the definitions of excise tax as given by different courts throughout the country.

Quoting from Great Northern Ry. Co. v. State, 200 Wash. 392, 93 P. 2d 694: "An 'excise tax' is not imposed on property, but is charge made for privilege enjoyed."

From Holdcroft v. Murphy, 66 S. D. 388, 283 N. W. 860: "The annual motor vehicle registration fee exacted by statute is an 'excise tax' for revenue purposes imposed on the privilege of operating motor vehicles upon highways of state."

California Institute of Technology v. Johnson, 55 Cal. App. 2d 856, 132 P. 2d 61: "The Use Tax is an 'excise tax.'"

From Pure Oil Co. v. State, 244 Ala. 258, 12 So. 2d 861, 148 A. L. R. 260: "Privilege or occupation taxes for engaging in specified lines of business are 'excise taxes.'"

From Mount Tivy Winery v. Lewis, 9 Cir., 134 F. 2d 120, 121: "An 'excise tax' is a tax imposed upon a particular use of property or the exercise of a single power over property incidental to ownership."

From American Airways v. Wallace, D. C. Tenn., 57 F. 2d 877, 878: "The terms 'excise tax' and 'privilege tax' are synonymous."

From **State ex rel. Walls v. Wallace, 138 Oh St 410, 35 N. E.** 2d 167: "The annual motor vehicle license tax is an 'excise' [tax] and not a 'property tax,' and therefore the statute imposing it is not affected by the section of the Constitution requiring certain property to be taxed by uniform rule according to value."

Quoting from **132 Oh St 555, 9 N. E. 2d 684, State ex rel. Strubel v. Davis:**

Syllabus 1: **"Section 2 of Article XII of the state Constitution** requires only lands and improvements thereon to be taxed by uniform rule according to value. By reason of the removal of previous constitutional limitations and restrictions, the power of the General Assembly to determine the subjects and methods of taxation and exemption of personal property therefrom is limited only by **Article 1 of the Constitution of the state."**

Syllabus 2: "In the matter of classification of property for taxation purposes, broad power is conferred upon the Legislature. Its action in that regard will not be set aside by the courts unless the classification attempted results in such discrimination against members of the same class as to deny them the equal protection of the law."

The legislature, in defining motor vehicle under §6290-2a GC, for the purpose of requiring the certificate of title under the motor vehicle law, held: "For the purposes of [§6290-2 and

§6296 GC], the term 'motor vehicle' shall include a house trailer or house semi-trailer designed for human habitation."

Therein the legislature defines house trailers used for human habitation as motor vehicles and a specific use tax can be levied upon motor vehicles for their use upon the roads of this state; what then, it to prevent the legislature from enacting a specific tax for house trailers used for human habitation and which are classified by the legislature as motor vehicles, when the purpose of the specific act is for their use and occupation, and not according to their value?

Sec. 6292-2 GC having become effective as of April 1, 1951, there are no reported decisions involving its interpretation, and a review of the statutes in sister states does not reveal a tax of a similar nature which might assist in the understanding of the applicability of the Ohio Tax. An interpretation of the terms of the statute, as well as other code sections bearing on the subject of "house trailers," must necessarily form the basis of the answer to this question.

The subject of taxation of house trailers was considered by the Ohio General Assembly in the adoption on July 6, 1949, of an Act entitled: "To amend §§6290, 6292 and 12613 GC, and to enact supplemental §6292-2 GC relating to the levy of an annual license tax upon the ownership of house trailers and the apportionment of the funds collected."

The amendment to §6290 GC, removed "house trailer" from the meaning of the term "trailer" and set forth a definition as follows: "7a. 'House trailer' means any self-propelled and non-self-propelled vehicle so designed, constructed, reconstructed, or added to by means of accessories in such manner as will permit the use and occupancy thereof for human habitation whether resting on wheels, jacks or other foundation and used or so constructed as to permit its being used as a conveyance upon the public streets or highways."

Sec. 6292 GC, before its amendment, dealt with the schedule of taxation rates based on vehicle ownership. This section was amended to levy a special license tax of $5 on every house trailer operating on the public highways of this state and to remove "house trailer" from the classification which assesses the license tax on trailers or semi-trailers on the basis of weight.

The only entirely new section in this act has been designated §6292-2 GC. It should be noted that ownership alone is not the basis for the tax but that the house trailer must be occupied for human habitation before tax liability under this section attaches.

This court, upon examination of the aforementioned authori-

ties and the definition by sister states and the Supreme Court of the State of Ohio of the words "excise tax" as a license tax or use tax and a license tax is no more than a license for the use of the property. This court is of the opinion the tax upon trailers, as provided for in §6292-2 GC is an excise tax for the use of trailers for human occupancy and is not in contravention of any constitutional guaranty, state or federal.

This cause coming on further to be heard upon the question of the penalty provided if the tax is not paid within thirty days after it is due, the court has examined numerous authority in the State of Ohio. The case of **DeWitt v. State, Attorney General, 108 Oh St 513, 141 N. E. 551, 563,** discusses at length the matter of penalties and different cases are cited. The court said: "The grant of power to the General Assembly to pass a compulsory law carries with it, as incident thereto, the power to include all such reasonable provisions as are necessary to make the law effective."

And goes on further to say: "The plaintiff in error contends that his constitutional rights have been infringed in the respects above set forth. While it cannot be said that one who comes into court, confessing that he has failed to comply with the express provisions of a statute, is to be denied the privilege of asserting the invalidity of the statute as the reason for his noncompliance with it, still he must realize that any penalties that are visited upon him for such noncompliance with the terms of the statute are not to be complained of in the event of its being finally upheld."

In that case the penalty amounted to almost $3,000 for noncompliance with payment of an industrial award, heard before the Common Pleas Court, in an Industrial Commission case, and was a question of the constitutionality of the legislators' right to inflict the penalty. The court held it was constitutional.

In violations for overcharges for rent under the OPA, there are provisions for treble damages in certain instances, and in all of such cases the law has not been held unconstitutional.

In their brief, counsel for defendants refer the court to Western Union Telegraph Company v. State of Indiana, 165 U. S. 304, 17 S. Ct. 345, 41 L. Ed. 725, and Bankers Trust Co. v. Blodgett, 260 U. S. 647, 43 S. Ct. 233, 67 L. Ed. 439. Therein the courts have held the amount of the penalty for the state legislature to determine in its discretion.

The Supreme Court of Appeals of West Virginia in State v. Page, 100 W. Va. 166, 130 S. E. 426, 428, 44 A. L. R. 501, also cited by counsel for defendants, had before it the case of penalty for nonpayment of tax, contested on constitutional

grounds, and said: "Is, then, the penalty imposed by the statute under consideration so excessive or disproportionate to the character and degree of the offense created thereby, that the courts can say that the Legislature exceeded its powers, under the Constitution? In view of what we have said regarding the power of the Legislature to levy and collect taxes, and the reasons given for conferring on the law-making body so great a power, is it not within the province of that body to determine the character and degree of the offense of cne who refuses to contribute his share of the expenses of the state government? Perhaps the first duty of the Legislature is the preservation and security of the state. There is no way by which the Legislature can provide for the maintenance of the agencies of the government, but by taxation. If in any way the taxing power is interfered with, the whole system of government is impaired. The taxing power would be ineffectual, without the means of enforcing the laws in relation thereto. The Legislature must provide for the assessment of property and the collection of taxes, and does it not necessarily follow, that it is within the province of that body to prescribe the method by which such assessment and collection shall be enforced, even to the extent of the penalty that may be imposed for failure or refusal on the part of a property owner to return his property for taxation or to pay the taxes levied? Concealing property is a graver offense against the state than refusal or failure to pay taxes. When the property has been assessed and the amount of taxes ascertained, it is a comparatively easy matter to enforce collection; but if the property is concealed, in many cases the state has no means of discovering it, and the owner goes free. The Legislature has found it necessary to impose a penalty, to compel taxpayers to make returns of their property; and who is to say what that penalty shall or ought to be?"

Many fines for criminal violation of the law are by penalties exacted by the legislature for unlawful violation of an act. By reason of a heavy fine or penalty exacted by the legislature they are held constitutional.

Upon careful reading of §6292-2 GC, upon failing to register trailers to be occupied for human habitation, it anticipates the county auditor certifying the violation of the law by such owners and occupants of trailers, to the Prosecuting Attorney to bring a suit in order to recover the tax and the penalty. That takes into consideration the cost of such litigation in order to force a person failing to obey the law to pay his tax and the penalty. Such action would be a further burden upon the county and the taxpayers in order to enforce the

collection of taxes. The legislature must have taken into consideration the costs of such enforced action.

Accordingly the court is of the opinion that the inflicting of such a penalty is not unreasonable, nor unconstitutional.

Counsel will draw their entries accordingly.