# Ebervale Coal Co. *versus* Commonwealth.

The Act of April 24th 1874, requires coal companies to make report to the auditor-general annually, in the month of November, stating the amount of capital paid in, the date, amount and rate per centum of each and every dividend declared during the year ending the first Monday of said month ; and provides that they shall be subject to and pay a tax annually, at the rate of one half mill upon their capital stock for each one per cent. of dividend declared, and in case of no dividend then three mills upon a true valuation of their capital stock. The Act of March 20th 1877, provided that when less than six per cent. dividend was declared then there should be imposed a tax of three mills only on each dollar of valuation of stock. This act further declared that it should go into effect immediately, and reserved to the Commonwealth the right to collect any taxes accrued or accruing under the Act of 1874. The Act of 1877 also required the said corporations to report to the auditor-general in November. On the 12th of said month, in 1877, a coal company reported that on the 1st of March 1877 it had declared a dividend of five per cent. on its capital stock of $500,000. The court below held the company liable to the tax of one half mill on its capital stock, valued at $500,000, for each one per cent. of dividend made March 1st 1877, under the Act of 1874, and also a pro rata tax on the part of the year from the passage of the Act of March 20th 1877 to the first Monday of November 1877, on the valuation of the capital stock, $120,000, under the provisions of said act. *Held*, that these taxes were properly imposed.

May 19th 1879. Before Sharswood, C. J., Mercur, Gordon and Trunkey, JJ. Paxson, Woodward and Sterrett, JJ., absent.

Error to the Court of Common Pleas, of *Dauphin county:* Of May Term 1879, No. 207.

This was the appeal of the Ebervale Coal Company from the settlement of the auditor-general and state treasurer against said company for taxes for the year ending the first Monday of November 1877.

The Act of April 24th 1874, entitled "An act for the taxation of corporations," Pamph. L. 1874, pp. 69 and 70, requires, inter alia, in section two, coal companies to make a report to the auditor-general annually, in the month of November in each year, "stating specifically the amount of capital paid in, the date, amount and rate per centum of each and every dividend declared by their respective corporations during the year ending with the first Monday of said month ; and in all cases where any such company shall fail to make and declare any dividend, upon either its common or preferred stock, during the year ending as aforesaid, the treasurer and secretary thereof, after being duly sworn or affirmed to do and perform the same with fidelity, according to the best of their knowledge and belief, shall, between the first and fifteenth days of November, of each year in which no dividend has been declared, as aforesaid, estimate and appraise the capital stock of such company, upon which no dividend has been made or declared, at its value, not less than the average price which said stock sold for

[Ebervale Coal Co. *v.* Commonwealth.]

during said year; and when the same shall have been so truly estimated and appraised, they shall forthwith forward to the auditor-general a certificate thereof, accompanied by a copy of their said oath or affirmation, by them signed, and attested by the magistrate or other person qualified to administer the same."

And in section four, said companies are required "to pay a tax into the treasury of the Commonwealth, annually, at the rate of one-half mill upon its capital stock for each one per cent. of dividend made or declared by such company, and in case of no dividend being made or declared by such company, upon either its common or preferred stock, then three mills upon a true valuation of the capital stock of the same, upon which no dividend has been made or declared made, in accordance with the provisions of the third section of this act."

By the Act of March 20th 1877, Pamph. L. 6, entitled "An act to equalize the taxation of corporations and companies," the first above cited act was so modified as to the mode of assessing the tax, as to read as follows : " And in all cases where such company shall fail to make or declare any dividend upon either its common or preferred stock during the year ending as aforesaid, or in case the dividend or dividends made or declared upon either its common or preferred stock, during the year ending as aforesaid, shall amount to less than six per centum upon the par value of the said common or preferred stock, the treasurer and secretary thereof, after being duly sworn or affirmed to do and perform the same with fidelity, according to the best of their knowledge and belief, shall, between the first and fifteenth days of November of each year in which no dividend has been made or declared as aforesaid, or in which the dividend or dividends made or declared upon either its common or preferred stock amounted to less than six per centum upon the par value of said common or preferred stock, estimate and appraise the capital stock of such company upon which no dividend has been made or declared, or upon the par value of which the dividend or dividends made or declared amounted to less than six per centum at its actual value in cash, not less however than the average price which said stock sold for during said year; and when the same shall have been so truly estimated and appraised, they shall forthwith forward to the auditor-general a certificate thereof, accompanied by a copy of their said oath or affirmation by them signed, and attested by the magistrate, or other person qualified to administer the same," but was in all other respects, so far as the purposes of this case are concerned, continued in force.

Thereafter, on the 12th day of November 1877, the proper officers of the Ebervale Coal Company, which has a capital stock of $500,000, sixty thousand of which was originally paid in cash, and the balance subsequently by stock dividends, made a report, as required by these acts, showing that during the year ending the

[Ebervale Coal Co. v. Commonwealth.]

first Monday of November 1877, said company had not made dividends amounting to six per cent., but had made one of five per cent. on March 1st 1877, and appraising the capital stock at $150,000.

On this report the auditor-general and state treasurer, on June 17th 1878, settled an account against said company, charging it with a tax on the par value of its capital stock, in respect of the five per cent. dividend for the whole year; and also a tax on the appraised value of its capital stock, pro-rated on the part of the year from March 20th 1877 to the first Monday in November 1877.

This mode of assessing the tax was thought by the company to be erroneous and illegal, and hence they appealed, as provided by law, to the Court of Common Pleas of Dauphin county.

The case was heard by the court, Pearson, P. J., without a jury, the facts being undisputed.

The court filed an opinion as follows:

"The company was duly incorporated with a capital of $500,000, only $60,000 of which was paid in cash. On the 12th of November 1877, a report was made to the state department that on the 1st day of March 1877, the company had declared a dividend of five per cent. on its capital stock of $500,000. This, according to the fifth section of the act of the 24th of March 1874, was subject to a tax of one half mill of its capital stock for each one per cent. of dividend made or declared by such company. Although this dividend was made and declared on the 1st day of March, yet as the tax is to be assessed on the dividend made or declared *annually*, it is possible that if nothing else existed in the case that would have been the annual tax, yet that is by no means certain, as it is quite possible that as this dividend was made and declared as early as the 1st day of March, the department could have required a statement of the subsequent profits of the business for that year, and assessed a tax thereon. It is not to be presumed that the dividend was declared before it was earned. But there is another feature in the case. On the 20th day of March 1877 a new tax law was enacted, to go into effect immediately, providing that where less than six per centum of dividend on the par value of the stock is declared, the stock shall be appraised by the treasurer and secretary of the company, according to the average price at which it sold during the year, and a tax of three mills on each dollar of valuation so made is required to be paid by the corporation. The same statute reserves and secures to the state any taxes accrued and accruing under any laws or parts of laws prior to the date of the approval of that act. Pursuant to this last enactment the officers of the company, on the 2d day of May 1878, appraised the stock at $120,000, on which the officers of the government assessed a tax of $283,57, for two hundred and thirty days of the

10 NORRIS—4

[Ebervale Coal Co. *v.* Commonwealth.]

year 1877, being the unexpired period from the former assessment to the end of the fiscal year, the first Monday in November.

"To us it is very clear that down to the time of declaring the dividend, on the 1st day of March 1877, this company was operating and doing business under the act of 1874, and properly reported its tax down to that time under that statute. From thenceforward it acted under the later statute, which relieved it of a very large portion of its taxes. It is urged that this construction subjects the company to double taxation. There is certainly nothing in the evidence which shows it. We must either presume that the dividend was declared before it was earned, or that by the end of the year the company would have earned and been able to divide a much larger sum. It is, however, more probable that on the cessation of the law it made its dividend, and started to operate under the new law. The company under the statute of 1877 was not charged with what it had done under the act of 1874, but only until the expiration of the year—for two hundred and thirty days. Even if this were double taxation we are not prepared to say that it is illegal. The Supreme Court has said that the legislature has the same right to impose a double as a single tax, though we are unwilling to infer, in the absence of very clear language, that it was so intended. We are of the opinion that the tax was properly charged by the accounting department as to both items.

"The penalty for failing to report was not properly imposed. It is in proof that a report was made by the officers of this company on the 5th day of December 1877, and when the government officers were dissatisfied therewith, and called for a further additional report, it was promptly made, therefore, $153.35, as penalties, must be struck out of the settlement. It was never intended that they should be imposed in such cases.

"The question of interest prior to the settlement is not of so easy solution. As a general rule, the failure to pay money justly due subjects the delinquent to the payment of interest. Yet to have that effect, there should be some dereliction of duty by neglecting where the amount was fixed and known. In the present case it was extremely difficult for the company to ascertain what was due. The taxes arose under new statutes. There was an honest dispute as to how much should be paid to the state treasury, and under such circumstances a settlement of the amount should be ascertained by the public officers, and the defendant have reasonable notice of the claim. The settlement in this case was consummated on the 17th of June 1878, and bears interest at twelve per centum after sixty days from that time. We, therefore, give judgment in favor of the Commonwealth for sixteen hundred and ten dollars twenty-four cents ($1610.24,) on this 17th day of January 1879."

To this decision, the defendant filed the following exceptions:

1. The court erred in the finding of the facts, in that the officers

[Ebervale Coal Co. v. Commonwealth.]

of the company defendant made two reports for taxation to the auditor-general, for the tax year 1877, the evidence showing that only one report was made, and that at the time and in the form required by the auditor-general, under the Act of March 20th 1877, and the company did not make nor pretend to make any report, under the Act of March 24th 1874.

2. In assuming, that because the only dividend made by the company, during the tax year 1877, was made in March, the company had made other taxable profits during said year, there being no evidence to warrant such assumption, and the report made by the company, which was accepted as correct by the auditor-general, showed that such was not the fact.

3. In concluding, that in the account as settled, the company defendant " was not charged with what it had done, under the Act of 1874, but only until the expiration of the year," because the Act of 1877 requires the capital stock to be assessed at not less than the average price at which it sold for, during the year, and, therefore, the value given to it by the dividend made in March must have entered into the appraisement on which it was taxed.

5. In deciding, that " the tax was properly charged by the accounting department as to both items," viz. : the tax, $1250, in respect of the dividend of five per cent., and the tax of $283.57, in respect of the appraisement.

6. In not deciding, that said settlement is erroneous and illegal, because therein the said company is taxed on the basis of the amount of dividend made and declared during the year ending on the first Monday of November 1877, whereas the said dividend or dividends, made during said year, did not amount to six per cent. ; as the Act of March 20th 1877, in force when said settlement was made, provides, that when the dividend or dividends made or declared during the year do not amount to six per cent., the tax shall be settled and assessed on the basis of an appraisement of the capital stock of the company, and not on the basis of the dividends.

7. The court erred in not deciding that the tax charged in respect of the dividend should be pro-rated.

8. In giving judgment for the Commonwealth for the sum of $1610.24, and in giving judgment for any other or greater sum than the amount of tax which would have resulted from a levy of a tax on the appraised value of the stock, under the Act of March 20th 1877, for the whole tax year of 1877."

The court overruled the exceptions, and entered judgment for the Commonwealth, when defendant took this appeal and assigned this action for error.

*J. W. Simonton*, for plaintiff in error.—We contend that this

tax is an annual tax, equivalent to the three-mill tax on personal property; that it can be assessed but once in the year, and this must be done as provided by the law in existence at the time the assessment is to be made; and that even if this be not correct, that the tax in respect of the dividend must be pro-rated upon the part of the year during which the Act of 1874 was in force.

The corporation made one dividend during the year ending the first Monday of November 1877, and only one; namely, five per cent. on March 1st 1877. This, if the Act of March 20th 1877 had not been passed, would have fixed the tax on capital stock, payable by this company for 1877, at two and one-half mills upon its par value, and no report could be required nor tax assessed, until after the first Monday of November 1877. The tax did not become due when the dividend was made, nor could it be told until the end of the tax year how much would be due, because other dividends might be made. But the Act of March 20th 1877 was passed during the year. It does not introduce a new subject of the tax, nor does it impose a new tax; it merely changes the mode of assessing the tax formerly imposed. And this tax is an annual tax, and the Act of 1877 says, the corporation on which it is imposed "shall be subject to and pay into the treasury of the Commonwealth, *annually*, a tax to be *computed* as follows;" and it merely changes the mode of computation, as above recited. Hence, when the date arrived when a report was due from the plaintiff in error, for the year 1877, it was made; and, as the dividends made during the year did not amount, in the aggregate, to six per cent., the stock was appraised at its actual value in cash, and not less than the average price for which it sold during the year. And we contend that this appraisement fixed the tax due for said year at three mills on such appraised value—the rate fixed by the Act of 1877, when the dividends amounted to less than six per cent. during the whole year.

*Lyman D. Gilbert*, Deputy Attorney-General, and *Henry W. Palmer*, Attorney-General, for the Commonwealth.—There is no double taxation in this case. To tax the company for the period of time between the first Monday of November 1876 and the 20th day of March 1877, we must resort to the law of 1874, or permit it to go untaxed. And our right to collect such taxes, under that law, is made plain by the words of reservation in the eighth section of the Act of 1877. Second, the Act of 1874, ending on March 20th 1877, except so far as its future operation was saved by the section just referred to, of the Act of 1877, we cannot tax the company for the balance of the year, ending first Monday of November 1877, except under the provisions of the Act of 20th March 1877. And that it was the intention of the Act of 1877 to make

[Ebervale Coal Co. v. Commonwealth.]

the taxes it imposed commence upon the day of its approval, is shown by the opening words of its first section.   In brief, we say that it was the legislative will to tax the Ebervale Coal Company for the year ending first Monday of November 1877, and in order to do so, we must resort to both of the laws of 1874 and 1877, and employ their provisions, as we have done in this case.

Mr. Justice MERCUR delivered the opinion of the court, October 6th 1879.

The plaintiff in error is a corporation liable to taxation, under the several Acts of 24th April 1874, Pamph. L. 68, and of 20th March 1877, Pamph. L. 6.   The act first named required the company to make report to the auditor-general, annually, in the month of November, stating the amount of capital paid in, the date, amount and rate per centum of each and every dividend declared by it during the year, ending with the first Monday of said month; and provided it should be subject to and pay a tax annually, at the rate of one-half mill upon its capital stock for each one per cent. of dividend made or declared by the company; and in case no dividend was made or declared by it, upon either its common or preferred stock, then three mills upon a true valuation of its capital stock, on which no dividend was made or declared.  • Thus, this act imposed a tax of one-half mill upon the capital stock, for each one per cent. of dividend declared.   Regardless of the size of the dividend, the one-half mill tax was imposed on the capital stock. The Act of 20th March 1877 changed the former act in several respects.   It provides, inter alia, when less than six per cent. dividend on the par value of the stock is declared, there shall be imposed a tax of three mills only on each dollar of valuation of stock.   It further declares, "this act shall go into effect immediately," and it repeals all those parts of the Act of 24th April 1874 inconsistent therewith, saving, reserving and excepting unto the Commonwealth, "the right to collect any taxes accrued or accruing" thereunder.   This Act of 1877 also required the company to make report to the auditor-general in the month of November.   On the 13th November 1877 it reported, that on the 1st of March 1877, it had declared a dividend of five per cent. on its capital stock of $500,000.   It reported no subsequent dividend. The dividend reported was declared while the whole Act of 24th April 1874 was in full force.   It was, then, made under and subject to all of its provisions.   It must be presumed to have been earned before it was declared.   No reason can be given for not subjecting the company to a tax, consequent on that dividend. Although the act did not require immediate notice to the Commonwealth that this dividend had been made, yet the liability of the company to subsequently pay a tax based thereon existed.   The learned judge therefore held the company liable to the tax of one-

[Ebervale Coal Co. *v.* Commonwealth.]

half mill on its capital stock, valued at $500,000, for each one per cent. of the dividend made the 1st of March 1877, under the Act of 1874. This tax was, therefore, $1250. To this tax no serious objection is made. The capital stock was afterwards, under the Act of 1877, valued at $120,000, and a pro rata tax, on the part of the year from the passage of the act to the first Monday of November 1877, laid thereon. It amounted to $283.57. This tax is the great subject of complaint.

In case the company had made another dividend, under the Act of 1874, prior to the first Monday of November 1877, it was required to make report thereof, and an increased tax would have been laid on the capital stock of the company. Before any such additional dividend was earned or made, the Act of 20th March 1877 took effect and from its date relieved the company from future taxation, under the Act of 1874. So much only of the Act of 1874 was retained as was necessary for the collection of the tax accrued or accruing under it; but from the day of the enactment of the statute of 1877, a different rate of taxation was established. The dividend of the 1st of March 1877 had not then been reported. The accounting officers of the Commonwealth had no information that it had been made. The object of the act was to establish a line of separation between the two statutes. To declare that all taxes accrued or accruing at that date, from the corporation, should be collected under the laws then in force; but all accruing thereafter should be subject to another law. It is complained that this view of the act imposes double taxation, within the year. If this be the case, yet it is clearly within legislative power to so enact: Saving Fund *v.* Yard, 9 Barr 359; West Chester Gas Co. *v.* County of Chester, 6 Casey 232; Pittsburgh, Ft. Wayne and Chicago Railway Co. *v.* Commonwealth, 16 P. F. Smith 73. What then did the Act of 1877 intend? When it was passed the legislature could not foresee whether the company would be liable to further taxation, under the Act of 1874, by reason of any dividend being thereafter made within the year. To clearly relieve the company from such contingent liability, immediate effect was given to the Act of 1877, in express terms. This immediate effect undoubtedly negatives the idea that its operation was to be postponed until the end of the year named in the Act of 1874. The manifest design was to relieve the company from taxation, under the Act of 1874, consequent on future profits or future valuation, and in all respects to subject it to the Act of 1877. In case of a dividend, it imposed on the company a lesser rate of taxation, and gave immediate effect to the law. The fact that by its terms the company might be subject to taxation for a portion of time which it would have avoided, under the Act of 1874, does not impair the effect of the later act, nor postpone the time of its going into operation. Judgment affirmed.

[Ebervale Coal Co. *v.* Commonwealth.]

An application for a re-argument was subsequently made and refused, the court, MERCUR, J., delivering the following opinion, November 10th 1879 :

An application is made for a re-argument of this case, by reason of an omission to duly consider the objection made to that portion of the tax imposed under the Act of 1874. It must be admitted that certain language in the opinion might well lead to that infer- ence. Such, however, was not the fact ; it did receive a careful consideration. We were clearly of the opinion that the dividend, made and declared on the 1st of March 1877, subjected the com- pany to taxation, under the laws then in force. We did not think the Act of 20th March, either by its letter or its spirit, relieved the company from a liability which had attached by reason of that dividend. This last act expressly saved and reserved out of its repealing clause, unto the Commonwealth, the right to collect any taxes "accrued or accruing" under any laws prior to its passage. If this tax had not fully "accrued" it was clearly "accruing," although the time for its payment had not then arrived.

Re-argument refused.