## Commonwealth, Appellant, *v.* Southern Pennsylvania Bus Company.

Argued May 6, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Frank A. Sinon,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellant.

*Geo. Ross Hull,* with him *Chas. W. Hull,* of *Snyder, Hull, Leiby & Metzger,* and *Roy J. Keefer,* for appellee.

OPINION BY MR. JUSTICE BARNES, September 30, 1940:

The question upon this appeal is the validity of a settlement made by the Commonwealth against the defendant, a domestic corporation, for interest upon an underpayment of its capital stock tax for the year 1936.

The issue arises under two statutes enacted by the legislature in 1937. The first of these is the Act of February 2, 1937, P. L. 3, amending sections of the Fiscal Code of April 9, 1929, P. L. 343. The second is the Act of April 8, 1937, P. L. 239, amending the Capital Stock Tax Act of June 1, 1889, P. L. 420. Prior to these amendments of 1937 it was provided by the Fiscal Code[1] that "The amount of every tax . . . shall become due and payable sixty days after the date of the settlement . . . ." and corporations subject to the capital stock tax were directed by Section 21 of the Act of 1889, as amended, "to transmit the amount of said tax to the Treasury of the Commonwealth within the time prescribed by law for the payment of state taxes *settled* by the Department of Revenue. . . ."

The first amending statute, the Act of 1937, P. L. 3,[2] now provides that "Every corporation . . . at the time of making every report required by this section, shall *compute and pay* to the department the capital stock tax or franchise tax, as the case may be, due to the Commonwealth upon or with respect to the value of its capital stock." The filing date of the report is made March 15 in each year for the preceding year. The Act also adds to the Code Section 805(c) which requires

---

[1] The Fiscal Code, Section 805(b).

[2] Amending the Fiscal Code, Section 707.

that "The amount of all . . . taxes and bonus due the Commonwealth shall be due and payable upon the dates the reports or returns thereof are required by law to be made. . . ." Included therein is the capital stock tax. Then follows an amendment to Section 806 which prescribes that "All tax and bonus due the Commonwealth, as provided by law, shall bear interest at the rate of six per centum per annum from the date they are due and payable until sixty (60) days after settlement, and thereafter at the rate of twelve (12) per centum per annum until paid. . . ."

The second statute, the Act of 1937, P. L. 239, amends Section 21(c) of the Capital Stock Tax Act of 1889 to read as follows: "It shall be the duty of the treasurer or other officers having charge of any such corporation, . . . upon which a tax is imposed by this section, to transmit the amount of said tax to the Treasury of the Commonwealth within the time prescribed by law. . . ."

The Commonwealth contends that by these Acts of 1937 the legislature has substituted a new and comprehensive system for the assessment and payment of capital stock tax liability, in lieu of the method which existed prior thereto whereby the tax was settled by the fiscal officers of the Commonwealth, and payment thereof was not due until sixty days after settlement, even though the amount of the tax was not in dispute. It asserts that the corporate taxpayer is now required to assess or compute the amount of its tax, and to pay the same at the time the capital stock tax report is filed; that any deficiency in the tax, which results from an undervaluation of the capital stock by the taxpayer, bears interest at the rate of six per cent per annum from the due date of the tax (when the report is filed) until the date when payment of the tax deficiency is made.

The position of the defendant corporation is, first, that the Act of 1937, P. L. 3, does not impose upon a domestic corporation the duty of assessing the tax upon its own capital stock; second, that a self-assessing capi-

tal stock tax would be unconstitutional; third, that the imposition of interest as a penalty for a period prior to the time the tax liability has been ascertained and determined by the taxing officers of the state is violative of due process of law.

It is apparent that the real question before us is whether these statutory provisions enacted in 1937 constitute a valid exercise of the taxing power of the Commonwealth.

On March 15, 1937, the defendant filed its capital stock tax report for the year 1936, declaring the taxable value of its stock at $500,000, and in accordance therewith paid a tax of $2,500 on the same day to the Department of Revenue. The payment was accompanied by a written protest. After an examination of the report by the fiscal officers of the Commonwealth, the Auditor General, on April 22, 1938, approved a settlement of the tax which increased the valuation of the defendant's capital stock to $750,000, and the amount of its tax to $3,750. The defendant did not appeal from this settlement and does not now challenge its correctness. The tax deficiency of $1,250 was paid on May 23, 1938. Shortly thereafter an additional settlement was approved by the Auditor General charging the defendant with interest of $89.38, or six per cent of the amount of its underpayment for the period from March 15, 1937,—the filing date of the report when the initial payment was made, to May 23, 1938,—when the deficiency payment was made. From this interest settlement the defendant appealed to the court below, which sustained its contention that the imposition of interest was invalid, and entered judgment in its favor. The Commonwealth has appealed from the decree accordingly entered.

Defendant's first contention is that under the Acts of 1937 the capital stock tax must be assessed by the proper officers of the state, and that no duty is imposed by the Acts upon a corporation to make a self-assessment. However, it is clear to us that the legislature intended

to substitute for the assessment of the capital stock tax, theretofore made by the taxing officials of the state, a new method of self-assessment by the taxpayer, and to change the date upon which the tax became due and payable. The provisions of these two Acts require the corporate officials to "compute and pay" the tax, which is expressly made "due and payable" on the date prescribed by law for the filing of the annual return. We are satisfied that the legislature used the word "compute" in the sense of "assess," and this is apparent to us from the context of the Act of 1937, P. L. 3, as a whole.

The defendant's contention that the assessment must be made by officers of the Commonwealth fails to give effect to the provisions of Section 801(d) of the Code, as amended by the Act of 1937. This section retained the provision that if the Department of Revenue shall not be satisfied with *"the appraisement and valuation"* of the capital stock, as made and returned by the officers of any corporation, the Department itself is authorized to make a valuation thereof, and added thereto is the new provision for *payment of the tax* at the time of the filing of the return. It is manifest that it is the purpose of the legislature to place upon the corporate taxpayer the duty which the Department of Revenue theretofore performed of assessing the capital stock tax. This seems to us a reasonable construction of the Act, and one that implies no violation of the legal requirement for an assessment of the tax. We therefore cannot agree that the legislature intended to require payment of the tax before its amount had been determined by an assessment, as the defendant unwarrantedly assumes.

We find no merit in the second objection of defendant that the capital stock tax cannot constitutionally be self-assessed. While it may be conceded that an assessment is necessary to create and define the liability of the taxpayer, inasmuch as the capital stock tax is a property

tax,[3] *(Fox's Appeal,* 112 Pa. 337; *Broad & Sansom Realty Co. v. Fidelity Bldg. Corp.,* 292 Pa. 287; *Ellis v. Houseknecht,* 57 Pa. Superior Ct. 55), the assessment to be made by the taxpayer satisfies that requirement.

The device of self-assessment is not new in the field of taxation, though its most familiar application is to franchise or privilege taxes, such as those upon income and gross receipts. The burden placed upon the taxpayer in the present instance is not onerous, because it falls upon the corporate officers who are in the best possible position of ascertaining the value of the property and assets of the corporation, and the legislature has fixed the rate and supplied a basis for the valuation thereof. The officers are compelled merely to make a mathematical calculation and a determination of fact in the same manner as they have been required in the past to prepare the annual return to the state's fiscal authorities.

We have heretofore recognized the validity of self-assessment in taxation. In *Com. v. McKean County,* 200 Pa. 383, suit was instituted by the state to recover from the county commissioners the amount of a tax which they had failed to collect from a private bank. The county denied responsibility for the tax because no official assessment had been made. On appeal, we said (pp. 387, 388): "That there can be no taxation without assessment is true as a general proposition; but the learned counsel for the appellant . . . overlooked the conclusive assessment upon which the Commonwealth relies. Hamlin & Son themselves assessed the value of their judgments and mortgages. . . . There can be no reason for insisting upon any other assessment, and authority cannot be found why it should have been made."

Again, in *Com. v. Delaware Div. Canal Co.,* 123 Pa.

---

[3] It is not disputed that a tax upon the capital stock of a company is a tax upon its property and assets. See *Peoples Natl. Gas Co. v. Pittsburgh,* 317 Pa. 1, at page 7, and cases there cited.

594, this Court sustained the validity of the Act of June 30, 1885, P. L. 193, requiring corporate officials to assess and pay a tax upon the nominal value of corporate loans. We stated (p. 618) : "In a number of cases, both before and since the adoption of the present constitution, this Court has affirmed the right of the Commonwealth to impose this duty [self-assessment] upon corporations, both public and private. . . ." And, in *Com. v. Lehigh Valley R. R. Co.*, 104 Pa. 89, although we held that the statute there in question failed to provide a method of assessment, we said (p. 106) : "We can see no constitutional or other difficulty in the way of obliging the officers of corporations, municipal or private, by appropriate legislation, to assess and collect taxes upon their corporate loans or stocks. This method of reaching subjects, capable of successful concealment, and liable to escape the notice of the most vigilant assessor, has, for many years, been recognized by our courts as a valid exercise of the legislative power."

Recently, in *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, we upheld the provisions of the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, requiring corporations to assess and pay the amount of the tax.

The fact that the capital stock tax is an *ad valorem* tax upon property, as distinguished from a franchise or privilege tax, does not affect the validity of this method of assessment. The cases relied upon by defendant[4] fail to establish any constitutional requirement for an assessment by the taxing officers of the Commonwealth. They hold merely that *some* method of assessment must be provided for an *ad valorem* property tax; or if one is prescribed, that it must be followed. It seems to us

---

[4] *McCall v. Lorimer*, 4 Watts 351; *Bratton v. Mitchell*, 1 W. & S. 310; *Miller v. Hale*, 26 Pa. 432; *Com. v. Lehigh Valley R. R. Co.*, 104 Pa. 89; *Fox's Appeal*, 112 Pa. 337; *Com. v. Delaware Div. Canal Co.*, 123 Pa. 594; *Com. v. Phila. C. & I. Co.*, 145 Pa. 283; *Broad & Sansom Realty Co. v. Fidelity Bldg. Corp.*, 292 Pa. 287; *Com. v. Ebervale Coal Co.*, 2 Pearson 419 (Aff'd. 91 Pa. 47).

that if it is constitutional to permit a taxpayer to evaluate property which is the *measure* of a privilege tax, it is equally constitutional to permit him to evaluate that which is the *subject* of a property tax.

The legislative authority to prescribe methods for the assessment and collection of taxes is plenary and paramount. In *Fox's Appeal,* supra, we said (p. 352) : "The taxing power of the state is great and searching. Within the limits of the constitution it is bounded only by the necessities of the state and the will of the people." The fact that the system of assessment which the legislature has prescribed for the capital stock tax is *new* does not condemn it. As we stated in *Com. v. Columbia Gas & Elec. Corp.,* 336 Pa. 209, 217: "The method does depart from the system or method heretofore existing of ascertaining the taxable value on which the tax is levied, but it cannot be condemned because it is new. Experimentation in taxation by the legislature is as lawful as experimentation in other fields."

Nor have we any concern with the wisdom of the legislative policy: *Com. v. Girard Life Ins. Co.,* 305 Pa. 558. Self-assessment and immediate payment of the tax is the solution which the legislature has determined to be necessary to obviate the delays attending the assessment and collection of the capital stock tax. In the judgment of the legislature the system required revision and reform, and unless the Acts here challenged fall within the positive prohibition of the State and Federal Constitutions, they must be upheld.

The sole constitutional question raised by defendant with regard to self-assessment is that it infringes Article IX, Section 1, of our State Constitution, which requires that all taxes shall be uniform upon the same class of subjects. This objection seems to us devoid of merit. Uniformity in taxation does not require the state to establish a single agency for the assessment of all property within a class; it is sufficient that it be assessed in the same manner and upon the same stand-

ards of valuation. The system of self-assessment established by the Acts of 1937 satisfies this requirement. All corporations subject to the tax on capital stock are treated uniformly.

If it be urged that individual errors and differences will permeate the assessments,—which, of course, will have no bearing upon the uniformity of the method— these will be uniformly resolved by the taxing authority at settlement. We have frequently pointed out that absolute equality is impracticable in taxation, and that the constitutional provision requires merely substantial uniformity. See *Wilson v. Philadelphia,* 330 Pa. 350; *Dept. of Justice v. A. Overholt & Co. Inc.,* 331 Pa. 182; *Com. v. McCarthy,* 332 Pa. 465.

We are of opinion, therefore, that the method of self-assessment adopted by the legislature in the present case is constitutional. It remains only for us to consider whether the state may lawfully charge interest at the rate of six per cent upon the amount of any tax deficiency discovered at settlement, for the period from the due date of the tax to the date of payment. We think it is clear that where the legislature has the power to levy a tax, it has the correlative power to impose interest charges upon delinquent payments as a means of enforcing prompt compliance with the law. See *Fox's Appeal,* supra; *Cooley on Taxation* (4th Ed.) Vol. III, p. 2535.

Defendant contends, however, that as the taxpayer has no notice of the deficiency until it has been ascertained at settlement, the imposition of an interest charge for the period prior thereto constitutes a deprivation of property without due process of law. The error in this contention is that it assumes the deficiency is not due until it has been settled by the fiscal officers of the Commonwealth and the taxpayer has been notified thereof.

The amending Acts of 1937 require that the taxpayer shall pay the amount of its capital stock tax *in full* at

the time of filing the report. It cannot be assumed that its obligation is limited to the amount set forth in its return, subject to a possible enlargement at settlement. The purpose of the legislature to obtain immediate payment of the whole tax would be defeated if a corporation should thus be permitted to withhold, by error or design, any portion of the tax during the interval between assessment and settlement.

It is difficult to understand in what manner the provision for interest violates the requirement of due process. Before the charge can be imposed there must be a settlement of the deficiency, and of the interest. From this determination the taxpayer may, under Section 1104 of the Fiscal Code as amended, appeal to the Court of Common Pleas of Dauphin County. There it will have full opportunity to be heard, and the burden of proof will be upon the Commonwealth to show that the taxpayer's assessment of its capital stock tax is incorrect (See *Com. v. Erie Ry. Co.*, 2 Pearson 380). Certainly this procedure satisfies the constitutional provision for due process of law.

The cases cited by defendant, holding that the state cannot impose penalties or interest prior to the settlement of a tax by the fiscal authorities, involve instances where no other method of assessment was prescribed, or where the statutory method had not been followed. In *Com. v. Ebervale Coal Co.*, 2 Pearson 419, affirmed 91 Pa. 47, it was held that interest upon a balance of taxes owed by the defendant corporation could not be computed for the period prior to settlement. But in that case the statutes involved required an assessment by officers of the Commonwealth. The Commonwealth did not appeal from the decision of the county court, and consequently, we did not pass upon this portion of the opinion.

Our decision in *Com. v. Standard Oil Co.*, 101 Pa. 119, is likewise not analogous to the present case. There the statute provided that notice and demand by the Auditor

General should be pre-requisites of the liability of the taxpayer, and we held that no interest could be charged for a period prior to that demand. In the present case, the taxpayer's liability is fixed by the Acts of 1937 at the time when its return is made.

Defendant insists that interest under these Acts should not be charged unless there is an intentional or inexcusable delay by the taxpayer. In other words, that it is a penalty designed solely to enforce prompt payment. It relies upon *Miller's Estate,* 182 Pa. 157, where we absolved an executor from penalties upon an overdue estate tax, because the determination of the amount owing to the Commonwealth had been unavoidably delayed by extensive litigation in another state. That case, and *Com. v. Phila. Coal & Iron Co.,* 145 Pa. 283, were decided under circumstances which we stated were exceptional, and under statutes different from those now before us. In the present case, however, the full tax owing to the Commonwealth could have been computed by the officers of defendant at the time of assessment, as they were then in possession of all facts necessary to ascertain the value of the taxable property.

The fact that the settlement of a deficiency may be delayed by the state, thus increasing the period for which interest must be paid, does not render this provision arbitrary or confiscatory on its face. During the interval which must elapse to enable the fiscal officers to examine and adjust the returns of thousands of corporate taxpayers, the state is deprived of the amount of any deficiency, and the taxpayer which has made an underpayment retains this sum for its own use. It is not unreasonable, therefore, for the state to charge the same rate of interest for such money which an ordinary creditor is entitled to receive upon debts and judgments.

Defendant concedes that it owed the Commonwealth a tax deficiency of $1,250, which should have been paid on March 15, 1937, but which was not paid until May 23, 1938. It does not explain the substantial error of

valuation to the extent of $250,000, or allege that the delay in settlement was capricious or arbitrary. We are of opinion that the interest charge of $89.38 is not unreasonable, confiscatory, or in violation of constitutional guarantees.

The judgment of the court below is reversed and is here entered for the Commonwealth. Costs to be paid by the appellee.

DISSENTING OPINION BY MR. JUSTICE LINN, September 30, 1940:

Section 202 (d) requires certain fiscal officers of the Commonwealth to "settle and collect" the tax. Section 707 requires the corporation to make "a capital stock report . . ." and at that time to "compute and pay" the tax "upon or with respect to the value of its capital stock." Section 801 (d) provides that, if dissatisfied "with the appraisement and valuation" made and returned by the officers of the corporation, the Department of Revenue shall "make a valuation thereof . . . [and] settle an account. . . ." Section 806 provides that taxes shall bear interest at six per cent "from the date they are due and payable until sixty (60) days after settlement, and thereafter at the rate of twelve (12) per centum. . . ."

The majority is of opinion, as I understand it, that the words "compute and pay" in section 707 require the officers of the corporation to make the assessment and that, under section 806, interest runs from that date, not on that assessment only, but on any additional assessments subsequently made by the fiscal officers pursuant to sections 202 (d) and 801 (d) ; in other words, that the interest on the additional assessment made by the State's officers runs from a date prior to it. I regret that I cannot so construe the statute. Effect must be given to the requirement that the corporation "compute and pay" and also to the requirement that the State's officers "settle and collect"; this, in my judgment, the

majority opinion does not do. It is settled that no tax is due until assessment. In *Broad & Sansom R. Co. v. Fid. Bldg. Corp.*, 292 Pa. 287, 291, 141 A. 34, it was said: "Taxes cannot become due until they have been assessed; it is the assessment that makes the taxes and fixes the time when they become due and payable: *Laird v. Heister*, 24 Pa. 452; *Heft v. Gephart*, 65 Pa. 510; *McDermott v. Hoffman*, 70 Pa. 31." See also *Com. v. Chester County Light & Power Co.*, 339 Pa. 97, 14 A. 2d. 314.

Section 806 provides that interest shall accrue only after a tax is "due and payable." If no tax is due until there is an assessment, it is important to inquire when, according to the terms of the statute, the assessment is completed. Between section 202(d), requiring state officers to settle the tax, and section 801(d), specifying the method by which they may make the assessment, comes the intervening section 707 requiring the corporation's officers to report the value of the taxable property. When the corporation files this report, the only tax due and payable is that based on the corporation's own valuation.* Thereafter the taxing authorities have the option either of accepting the corporation's computation or of making what is properly described in the Attorney General's brief as an "additional or deficiency assessment." But only on the date of this settlement does the additional tax based on the revised valuation become due. If there is any ambiguity in first imposing on fiscal officers the duty to "settle" the tax, and subsequently requiring corporate officers to compute it and again later (801(d)) authorizing fiscal officers to make an assessment, the ambiguity must be resolved by the ap-

---

* Section 703 of the Act of 1929 requires the corporation's report to be verified by affidavit. If the corporate officers make a willfully false return, therefore, they risk prosecution under section 322 of the Act of 1939, P. L. 872, 18 PS section 4322. If they refuse to make any report at all, they are subject to penalties prescribed in section 1702 et seq. of the Act of 1929, as amended by section 1704 of the Act of 1937.

plication of the well settled rule recently repeated in *Phipps v. Kirk,* 333 Pa. 478, 485, 5 A. 2d 143, that ". . . tax laws are to be interpreted most strongly against the government, and most favorably to the taxpayers: *Husband's Estate,* 316 Pa. 361, 369."

I think the statute means that the corporation must file a report showing the valuation and compute and pay the tax on that valuation or be subject to the specified penalties; that the Commonwealth may elect to accept the valuation reported or to revise it and make a new assessment; that interest shall be calculated on the additional or deficiency assessment from this date and not from the earlier date of the corporation's report.

Mr. Chief Justice SCHAFFER and Mr. Justice PATTERSON concur in this opinion.