## Commonwealth v. The Bell Telephone Co. of Pa.

*Charles W. Hull*, of *Hull, Leiby & Metzger*, for appellant.

*Benjamin B. Bastian*, Deputy Attorney General, and *James H. Duff*, Attorney General, for Commonwealth.

RICHARDS, J., July 17, 1944.—This appeal involves an interest settlement made against defendant for delayed payment of a portion of its 1935 corporate net income tax. The facts as set forth in the testimony and in a stipulation filed are not in dispute.

The company filed its original report and paid the tax indicated thereby within the time prescribed by law. Some two and one half years later, the Federal Government made a final determination of defendant's net income for the year in question. This was promptly reported to the Commonwealth and the additional tax paid. Thereafter, the taxing authorities made a settlement of interest against defendant. This interest was computed on the additional tax of $28,005.90, at the rate of six percent, from May 1, 1936, to September 28, 1937, being 60 days after the original settlement, in the amount of $2,660.50, and at 12 percent from November 27, 1937, to December 8, 1938, when the ad-

ditional tax was paid, in the amount of $3,463.40, or a total of $6,124.96. Of this amount, defendant paid the sum of $4,312.91. It is from this interest settlement that the present appeal was taken.

The sole question is the legality of the interest settlement.

### Discussion

The Corporate Net Income Tax Act of May 16, 1935, P. L. 208, has been reënacted and amended a number of times. It will be found in 72 PS §3420a. This act imposes an excise tax on the net income of corporations. Net income is defined by the act as that "returned to and ascertained by the Federal Government": §3420b. For the purpose of ascertaining the amount of the tax, the corporation is required to file a report attached to which shall be a true copy of its return to the Federal Government. The reports are due on the fifteenth of April of each year. One half of the tax is payable on the day the report is due and one half within 30 days thereafter. Failure to make payments as required subjects the taxpayer to an interest charge: §3402d. Changes made by the Federal Government must be reported within 30 days by a corrected report, in which event the tax may be resettled: §3420g. All these requirements were complied with by defendant.

The Commonwealth contends that all of the tax, including the $28,005.90 paid on December 8, 1938, was due and payable in two equal instalments on April 15 and May 15, 1936, or on the mean date of May 1, 1936. As shown above, it computed the interest from this average due date.

Defendant, on the other hand, contends that the tax indicated by the original report filed was due on April 15th and May 15th, respectively, but that the additional tax of $28,005.90 was not due until after the Federal Government had finally changed or corrected the net income returned to it. As a consequence, it

asserts no interest is due on the additional tax resulting from the change in net income.

We think that this is the first time that the courts have been required to pass upon this problem and its solution is not without difficulty.

The change in net income made by the Federal Government was due to the fact that it disallowed a claim for accrued depreciation which had been allowed in previous years. In other words, it was due to a change in administrative practice. It was a change of which the taxpayer had no notice or warning. Consequently, it relied on the former practice and prepared its report accordingly. When the Federal Government disallowed the claimed depreciation, the net income was increased as a necessary consequence.

The Commonwealth contends that the act levies but one tax payable in two instalments. It says that the tax is due on April 15th and May 15th, whether the amount is ascertainable on those dates or not. It would impose an interest penalty on the taxpayer for not paying tax which neither the Commonwealth nor the taxpayer knew, or could know, was due. This is a consequence of the fact that the Commonwealth by the statute has made the Federal Government its agent in determining the tax base. The tax base is net income. This net income is the net income as returned to and ascertained by the Federal Government. Neither the State nor the taxpayer can know the net income taxable until the Federal Government acts. On April 15 and May 15, 1936, in the present case, neither the Commonwealth nor the taxpayer knew what net income would finally be ascertained by the Federal Government. A review of the whole act reveals that the legislature fully realized that there would be delay in determining the net income taxable. It provided for a report of change in net income and for a resettlement of the tax in such cases. On the other hand, it nowhere in the act specifically provides that interest shall be

charged from the original due dates, on additional tax found to be due as a result of Federal determination of net income. The only mention in the act of interest is in conjunction with the original report. We are loath to believe that the legislature intended to penalize a taxpayer for not paying tax which even the State did not know was due. Taxing statutes are to be construed strictly against the State and liberally in favor of the taxpayer. The State is not to be presumed to require an impossible thing. This is particularly true when the State itself has created the impossibility.

The Commonwealth relies to some degree on the opinion of the Supreme Court in Commonwealth v. Southern Pennsylvania Bus Co., 339 Pa. 521 (1940). We have studied this case carefully and direct attention to the fact that in that case the State had itself determined the tax base and at all times had before it the report containing data enabling it and the taxpayer to compute the tax due. If aggrieved, of course, the taxpayer had the right of appeal. But that case is devoid of any similarity to the instant case so far as final determination of net income is concerned.

Furthermore, the act here involved sets up a complete scheme of administration. In this respect it differs from some of the other taxing statutes. The practice under these other acts is accordingly of little value as precedents.

While we are not here required to determine when interest is payable on tax payments made as a result of final ascertainment of net income by the Federal Government, we feel constrained to call attention to a very feasible solution. The corporation is required to file a "corrected report" within 30 days of such change: 72 PS §3420g. Under the provisions of 72 PS §3420d, one half of the tax is due with the report and the other one half within 30 days. Applying this to the corrected report, interest would run only upon failure to pay

one half of the tax at the time the corrected report is filed and the other one half within 30 days thereafter. This interpretation seems to be clearly within the wording of the statute, Act of May 7, 1943, P. L. 217, sec. 1:

"Every corporation, *upon the date its report is required herein to be made*, shall pay to the department not less than one-half of the tax . . . and the remaining one-half of such tax shall be paid within the thirty days next succeeding. . . . The amount of all taxes . . . not paid on or before the times as above provided, shall bear interest . . ." (Italics supplied.)

The corrected report is *required to be filed* within 30 days after receipt of notice of such final change or correction. Unless this construction be given, the statute is silent as to interest on taxes due on a corrected report. We may add that, in the opinion of this court, the conclusions we have reached are not only in accord with the law, but in accord with the equities of the situation.

We affirm and adopt all of defendant's requests for findings of fact. We have filed of record the requests of both parties for conclusions of law. In addition, we make the following

### Conclusions of law

1. A corporation which files a corrected return of net income within 30 days after receipt of notice from the Federal Government of final change of net income, and pays the additional tax indicated at the time of filing the corrected report, is not subject to the payment of interest on the additional tax.

2. The interest settlement of $6,123.96 made against defendant on the additional tax of $28,005.90 is not sanctioned by law.

3. Defendant is entitled to a credit of $4,312.91.

### Decree nisi

And now, to wit, July 17, 1944, judgment is entered against the Commonwealth and in favor of defendant

in the sum of $4,312.91, unless exceptions hereto be filed within the time limited by law. The Department of Revenue is hereby directed to enter a credit for this amount upon its books in favor of defendant.

The prothonotary is directed to notify the parties or their counsel of this decree forthwith.